**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FOSHAN HUAYUN TECHNOLOGY CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> SCHEDULE A DEFENDANTS, <br><br><br> Defendants. | Civil Case No.: 2:26-cv-01521 |

**PLAINTIFF'S MOTION TO FILE UNDER SEAL**

This is a patent infringement case in which Foshan Huayun Technology Co., Ltd. accuses Defendants listed on the Schedule A attached to the Complaint of infringing a United States Patent (Plaintiff's Patent).

Defendants operate numerous, fully interactive e-commerce stores on Amazon.com and other online marketplace platforms for the primary purpose of selling and offering for sale goods infringing Plaintiff's Patent ("Infringing Products"). Defendants sell or offer to sell Infringing Products throughout the United States, including in the State of Pennsylvania and this Judicial District.

Plaintiff respectfully applies to this Court to file under seal the following documents in this case:

(1) Plaintiff's Complaint and its accompanying declarations, schedules, and

1

exhibits;

(2) Plaintiff's *Ex Parte* Motion for Temporary Restraining Order, including a temporary injunction, a temporary asset restraint, and limited expedited discovery, and the accompanying declarations, schedules, and exhibits; and

(3) Plaintiff's Brief in support of its *Ex Parte* Motion for Temporary Restraining Order, and its accompanying declarations, schedules, and exhibits.

Good cause exists to file these documents under seal.

Courts in this District, and others, have granted the requested relief in similar cases. Courts there have consistently recognized that (i) the Seller Aliases at issue are under Defendants' complete control; that (ii) Defendants' use of Seller Aliases allows Defendants to operate with a high degree of anonymity, evidencing their knowledge of wrongdoing; that (iii) Defendants could change or modify the infringing listing pages' content and data; that (iv) Defendants attempt to and regularly modify, delete, or change content and data upon notice of legal action; that (v) Defendants could and regularly do transfer assets out of their Seller Aliases to foreign jurisdictions—out of reach of Plaintiff and this Court—to avoid making any assets available for recovery. *See Jacki Easlick, LLC v. CJ Emerald*, No. 2:23-cv-02000-WSS, slip op. (W.D. Pa. Nov. 20, 2023) (granting motion to seal); See also *Chen v. Adediy et al.*, No. 2:24-cv-01516, slip op. (W.D. Pa. Nov. 27, 2024) (granting motion to seal); *See also LKRB INDUSTRIES, LLC v. xuzhouaiyaxundianzishangwuyouxiangongsi et al.*, No. 2:24-cv-01601, slip op. (W.D. Pa.

Nov. 22, 2024) (granting motion to seal).

Here, the requested sealing is necessary. The above-identified pleadings identify not only the online platform on which Defendants sell the Infringing Products, but also Defendants by their name or identifying alias. Without the requested sealing, Defendants could and likely would simply close their current accounts and open new accounts under a different name or even on a different platform, frustrating Plaintiff's attempts to protect its rights and the power of this Court.

Thus, Plaintiff respectfully requests that the above-identified pleadings be or remain sealed until a hearing and/or Order on Plaintiff's *Ex Parte* Motion for a Temporary Restraining Order.

A Proposed Order granting the Application to Seal accompanies this application.

Date: July 17, 2026                                        Respectfully submitted,

                                        /s/ Zheng "Andy" Liu
                                        Zheng "Andy" Liu (CA- 279327)
                                        *Aptum Law*
                                        1660 S Amphlett Blvd Suite 315
                                        San Mateo, CA 94402
                                        Email: Andy.Liu@AptumLaw.us
                                        Phone: 650-475-6289

                                        *Attorneys for Plaintiff*

3