**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| FOSHAN HUAYUN TECHNOLOGY CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>SCHEDULE A DEFENDANTS,<br><br>Defendants. | Civil Action No. **2:26-cv-01521**<br><br>Judge Christy Criswell Wiegand |

**ZHENJIANGJIANHONGMAOYIYOUXIANGONGSI'S MOTION TO INTERVENE
FOR A LIMITED PURPOSE OF DETERMINING WHETHER IT IS IDENTIFIED ON
THE SEALED SCHEDULE A, AND IF SO, TO HOLD PLAINTIFF'S
SEALED *EX PARTE* MOTION (ECF NO. 16) IN ABEYANCE**

Movant ZHENJIANGJIANHONGMAOYIYOUXIANGONGSI, which operates the Amazon.com storefront "cocktap" (Amazon Seller ID A10PKJTUSSO0U1)("Jianhong" or "Movant"), respectfully moves[1] under Federal Rule of Civil Procedure 24(b) to intervene in this action for one narrow and preliminary purpose: to learn whether it is one of the "Schedule A Defendants" whom Plaintiff has sued, and if the answer is affirmative, to hold Plaintiff's motion for *ex parte* TRO (Dkt. 16) in abeyance so that Jianhong can present its opposition.

Plaintiff filed this action against defendants identified nowhere except on a Schedule A that it lodged under seal, and it has asked this Court for extraordinary reliefs—without notice to anyone—including to enjoin those sellers, freeze their assets, and authorize expedited discovery against them. Dkt. 16; *see, e.g.*, *Eicher Motors Ltd. v. P'ships & Unincorporated Ass'ns Identified*

---

[1] Movant has not been served with the Summons, the Complaint, Schedule A, Plaintiff's *ex parte* motion, or any order of this Court. Xu Decl. at ¶ 19. By filing this motion, Movant does not (i) consent to personal jurisdiction, (ii) waive service of process under Federal Rule of Civil Procedure 4 or the Hague Service Convention, (iii) waive any objection to venue or joinder, (iv) appear generally, or (v) concede that it is a proper party or that it has infringed any valid and enforceable claim of the patent in suit. Movant appears for the limited purpose stated herein and expressly reserves all defenses, including those under Federal Rule of Civil Procedure 12(b)(1)–(6).

1

*on Schedule "A"*, 794 F. Supp. 3d 543 (N.D. Ill. 2025)(denying the plaintiff's motion for *ex parte* TRO and cautioning that "the Schedule A mechanism works only by stretching applicable procedural rules past their breaking point").

Despite Plaintiff's attempt to maintain the secrecy of this action, both Plaintiff's majority owner and a person understood to be Plaintiff's counsel (or working at the direction of Plaintiff's counsel) were in direct contact with a representative of Movant via a Chinese messaging application. *See* Declaration of Mr. Junhai Xu ("Xu Decl.") at ¶¶ 8–14. Notably, Plaintiff asked for two years of Movant's sales data so that a "license fee" could be calculated. *Id.* at ¶ 13.

Plaintiff has thus already opened a direct channel to Movant and asked Movant to produce its sales figures, while the filings that would tell Movant whether it has actually been sued remain sealed from it. Having reached out to Movant to negotiate a license, Plaintiff cannot plausibly maintain that Movant must nonetheless be kept in the dark about whether it has been sued.

Yet, what no one on Plaintiff's side will tell Movant is the one thing Movant needs to know: whether Movant is one of the defendants Plaintiff has sued. Notably, Plaintiff's counsel of record has similarly refused to provide such information to Movant's counsel. Declaration of Ms. Zheng Gong at ¶ 7.

Movant presently does not ask the Court to unseal Schedule A generally, to disclose the identity of any other seller, or to disturb the Court's sealing order in any other respect. Movant asks only to be told whether it is a defendant in a case in which its assets may shortly be frozen. If the answer is no, Movant's intervention will terminate and burden the Court no further.

The relief Movant seeks imposes no burden on Plaintiff. Plaintiff already knows who is on its own Schedule A. Confirming to Movant whether it is on that list requires no discovery, no merits briefing, and nothing more than a letter or email from Plaintiff's counsel. The only

conceivable cost to Plaintiff is the loss of surprise, which Plaintiff has already surrendered as to Movant by contacting Movant directly and soliciting its sales data.

By contrast, the harm to Movant from an unheard restraint would be immediate and difficult to undo. The funds held in Movant's Amazon.com account are used to pay suppliers, shipping and warehousing charges, and operating expenses, and a restraint entered without any opportunity to be heard would disrupt Movant's ability to meet those obligations. In addition, under Amazon's sales-driven ranking algorithm, the suspension of a product listing harms both the product's ranking and the storefront's ranking, neither of which can readily be restored. Xu Decl. at ¶ 17.

This motion is timely. This action is only weeks old, no defendant has been served, no scheduling order has issued, and no discovery has been taken. Movant moves within days of the communications that gave rise to its belief that it might be a named defendant. If Movant is confirmed to be a defendant, it intends to appear promptly through counsel and to respond to Plaintiff's pending motion. Xu Decl. at ¶ 18.

For the above reasons, Movant respectfully requests that this Court (1) grant Movant leave to intervene for the limited purpose of determining whether it is identified on the sealed Schedule A; (2) direct Plaintiff, within 24 hours of this Court's order, to state in writing to Movant's counsel whether Movant, its "COCKTAP" storefront, its "Aolemi" brand, or its Amazon Seller ID A10PKJTUSSO0U1 is identified on the sealed Schedule A or in any schedule, exhibit, or declaration accompanying Plaintiff's pending *ex parte* motion [Dkt. 16], and, if so, to provide Movant's counsel with copies of any and all sealed materials filed by Plaintiff in this action, including unredacted versions of Dkts. 1, 15, 16, and 17 and all attachments thereto, subject to any confidentiality condition the Court deems appropriate; and (3) if Movant is among the named

defendants, hold Plaintiff's pending *ex parte* motion [Dkt. 16] in abeyance as to Movant for twenty-eight (28) days after Plaintiff provides the sealed materials to Movant so that Movant may be heard before an injunction and asset restraint issue against it.

Respectfully submitted,

Dated: August 4, 2026

*/s/ Zheng Gong*
Zheng Gong
(*pro hac vice* application forthcoming)
Primary Bar No: IL 6323959
ShinyRise PLLC
1 East Erie St., Suite 525-5203
Chicago, IL 60611
Email: zheng.gong@shinyrise.com
Phone: 312-612-0288

*Counsel for Movant*
ZHENJIANGJIANHONGMAOYIYOUXIA
NGONGSI
d/b/a "COCKTAP"

4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing paper was filed electronically with the Clerk of the Court using the CM/ECF system on the date below, which will send notification of such filing to all counsel of record.

Dated: August 4, 2026                                             */s/ Zheng Gong*