**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FOSHAN HUAYUN TECHNOLOGY CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>SCHEDULE A DEFENDANTS,<br><br>Defendants. | Civil Case No.: 2:26-cv-01521-CCW |

**PLAINTIFF'S MOTION TO CONTINUE PRELIMINARY INJUNCTION HEARING AND TO EXTEND THE TEMPORARY RESTRAINING ORDER**

Plaintiff Foshan Huayun Technology Co., Ltd. respectfully moves this Court, pursuant to Fed. R. Civ. P. 65(b)(2) and 6(b)(1)(A), for a fourteen-day extension of the temporary restraining order entered on August 21, 2026 (Dkt. 25), and for a corresponding continuance of the preliminary injunction hearing now set for September 3, 2026 to September 18, 2026, or to such other date as is convenient to the Court. This is Plaintiff's first request for an extension of the order or a continuance of the hearing.

This is a design patent infringement case in which the patent owner sues counterfeit sellers on Amazon.com and Walmart.com.

Noting that the accused products have designs identical to Plaintiff's patented design, on August 21, 2026 this Court granted a temporary restraining order against the non-appearing Defendants and set a hearing for September 3, 2026 on why a preliminary injunction should not issue. (Dkt. 25) The temporary restraining order, as currently entered, also expires on September 3, 2026. (Dkt. 25)

Rule 65(b)(2) provides that a temporary restraining order issued without notice "expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period." Fed. R. Civ. P. 65(b)(2). The extension Plaintiff seeks is a like period: the order was entered on August 21, 2026 and expires on September 3, 2026, and Plaintiff asks only that it be extended to September 17, 2026. Good cause supports that brief extension and a corresponding continuance of the preliminary injunction hearing.

First, Plaintiff has diligently pursued this case, having served the temporary restraining order on Amazon and Walmart on August 21, 2026, and posted the required bond with the Clerk of Court by mail[1]. Neither Amazon nor Walmart has yet provided Defendants' contact information or implemented the asset and storefront restraints the temporary restraining order directs. Additional time is needed for those third parties to

---

[1] Plaintiff understands that the Clerk's Office may still be processing the bond paperwork.

comply.

Second, this case is moving toward resolution. Plaintiff has already reached a settlement with one Defendant, which conceded infringement and agreed to entry of a consent judgment or equivalent relief barring it from future sales of the infringing product. Plaintiff expects that additional Defendants will come forward once Amazon and Walmart implement the restraints and provide the contact information the temporary restraining order requires.

Third, no meaningful prejudice to the restrained Defendants will result. Amazon and Walmart have not yet implemented the asset and storefront restraints, so a short extension is warranted.

Fourth, the original danger of moving assets outside the jurisdiction of this Court still exists. Good cause under Rule 65(b)(2) is shown where "the grounds for originally granting the temporary restraining order continue to exist." 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2953 (3d ed.). Here, absent continued restraint, Defendants may shut down their current e-commerce storefronts, withdraw the funds generated by their infringing sales, and transfer those funds to foreign accounts, making recovery virtually impossible.

In sum, Plaintiff respectfully requests that the Court extend the temporary restraining order and continue the preliminary injunction hearing by two weeks, to September 18, 2026, or to such other date as is convenient to the Court. The undersigned

counsel continues to appreciate the opportunity to address the Court in person on this case as the Court's schedule allows.

A Proposed Order is filed concurrently herewith.

Date: August 31, 2026

Respectfully submitted,

/s/ Zheng "Andy" Liu
Zheng "Andy" Liu (CA Bar No. 279327)
***Aptum Law***
1660 S. Amphlett Blvd., Suite 315
San Mateo, CA 94402
Email: Andy.Liu@AptumLaw.us
Phone: 650-475-6289

*ATTORNEY FOR PLAINTIFF*