**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

FOSHAN HUAYUN TECHNOLOGY CO., LTD.,

Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

Defendants.

______________________________________________/

Civil Action No. 2:26-cv-01521-CCW
Judge Christy Criswell Wiegand

**EMERGENCY MOTION FOR LEAVE TO APPEAR REMOTELY AT THE SEPTEMBER 3, 2026 EVIDENTIARY HEARING**

Defendant Woindo (Amazon ID: A335ANKMI74N2P), respectfully requests leave for undersigned counsel (and, if the Court requires a client representative, that representative) to appear by videoconference at the evidentiary hearing reset to September 3, 2026 at 1:30 p.m. in Courtroom 9B. ECF No. 30.

**I. Relief requested**

The Court has set an in-person evidentiary hearing on short notice. Defendant is a small Chinese business. Undersigned counsel would have to travel to Pittsburgh on approximately two days' notice. That cost is disproportionate to this defendant's size and to the issues actually in dispute. Remote appearance by Zoom or equivalent will let the Court take evidence, examine exhibits, and question counsel without imposing an inequitable travel burden.

**II. Good cause**

**A. Cost and distance.**

Defendant is a small overseas seller, not a public company. A round-trip, last-minute trip to Pittsburgh (airfare, hotel, two lost workdays, and counsel time) is a material hardship. The hearing was moved only as to time on August 31, 2026. ECF No. 30. Two days is not enough to travel from China, or for Florida-based counsel to appear in person at a reasonable cost. Fed. R. Civ. P. 1 requires a just, speedy, and inexpensive determination. Remote appearance serves that command.

**B. Personal jurisdiction is contested and has not been established.**

Plaintiff sued a Schedule A caption. It has not shown that this Defendant sold the accused shower-valve products in Pennsylvania or otherwise purposefully availed itself of this forum. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003). Forcing an overseas small seller to fund emergency interstate (or international) travel before the Court has found power over that seller is inequitable. A video appearance preserves the Court's ability to hear the jurisdiction and injunction evidence without treating jurisdiction as already decided.

**C. The asserted design patent is subject to a substantial invalidity question.**

Plaintiff asserts U.S. Design Patent No. D1,057,101 S ("`101 Patent"), filed October 21, 2024 and issued January 7, 2025. The claimed design is a wall plate with three circular controls and a lower lever/handle. See below Figure 1 for `101 Patent.

U.S. Patent Jan. 7, 2025 Sheet 1 of 8 US D1,057,101 S



FIG. 1

**Figure 1: Screenshots of `101 Patent Designs**

That overall appearance was already in the prior art (see Figure 2 below. A copy of each patent is attached as Exhibit A, B and C):

| Prior art | Date | What it shows |
|---|---|---|
| CN 304032638 S | App. May 20, 2016; issued Feb. 8, 2017 | Wall-mount bathtub/shower valve body: square plate, dual knobs, lower lever |
| CN 306922838 S / CN 306922841 S | App. June 1, 2021; issued Nov. 5, 2021 | Concealed thermostatic three-function valve; square plate, multiple circular controls |
| EU 006263299-0043 | EU design | Rectangular plate, three aligned circular buttons, bottom lever — the same visual arrangement |
| Amazon listings / reviews | Review dated **Jan. 15, 2021**; later listings | Square-knob / three-function shower trim sold in the United States years before the ’101 filing |



**Figure 2: Designs of Prior Arts Listed Above**

Combining three known valve faces is not a patentable design. The ’101 Patent does not invent a new ornamental concept. At most it lines up elements already shown in the three earlier designs: a rectangular wall plate, a row of circular controls, and a rectangular lever or handle hanging below the plate.

That is the fact pattern the Supreme Court rejected in *Smith v. Whitman Saddle Co.*, 148 U.S. 674 (1893). Whitman had taken the front (pommel) of one existing saddle and the rear (cantle) of another, put them on one tree, and claimed the combination as a new design patent. The Court held that was not invention:

> A person cannot pick up an old saddle, or the drawings of an old saddle, and, by adding thereto a well-known pommel, or a well-known cantle, produce a new design within the meaning of the law. … The combination of old elements, each performing the same function as before, and producing no new result, is not patentable.

Id. at 680–81. The claimed saddle was “nothing more than the result of the skill of the workman” in assembling known parts. Id. at 681.

The same logic applies here. CN 304032638 S already showed the square plate plus lower lever. The 2021 CN 306922838 S / 306922841 S patents already showed the concealed plate with multiple circular function buttons. EU 006263299-0043 already showed three aligned circles over a bottom handle on a flat rectangle. Taking the plate and lever of one registration and the three-button row of another, and calling the assembly a new shower-valve design, is *Whitman Saddle*: front of one, rear of another. It is not a patentable ornamental invention.

Later design-patent law did not repeal that principle. Validity is still judged by the ordinary observer in light of the prior art. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008) (en banc). Where the prior art already contains the same overall visual

impression—plate, three rounds, bottom handle—an ordinary purchaser of a shower trim would not find the '101 drawings to be a new design. Combining known faces does not become original because the applicant filed in 2024.

Defendant's own Amazon listing with verified U.S. review confirm that it had sold the shower valve with such design in the United States years before the October 21, 2024 filing. See Figure 3 below, available at https://www.amazon.com/Woindo-Rainfall-Multi-function-Handheld-Diverter/dp/B0D5XXTP27/?th=1, last listed on Sept. 1, 2026. That is additional evidence that the combination was old, not that it was invented by Foshan Huayun.




**Figure 3: Woindo's Product on Amazon (left)**

dontaj47

★★★★★ **a luxurious shower experience**

Reviewed in the United States on August 26, 2024

Color: Matte Black | Style: 12"-Ceiling-01 | **Amazon Vine Customer Review of Free Product** ( What's this? )

The matte black finish of this shower faucet set is both modern and sleek, adding a touch of sophistication to any bathroom. The minimalist design of the 12" ceiling mount rainfall shower head, coupled with the dual rain shower heads and multi-function handheld head, creates a cohesive and stylish look. The black finish complements various bathroom decors and provides a dramatic contrast to lighter-colored tiles and fixtures.
The 12" ceiling mount rainfall shower head offers a wide, even flow of water that mimics the sensation of standing in a gentle rain. The large size ensures full coverage, providing a relaxing and immersive shower experience. The secondary rain shower heads add versatility, allowing you to customize the water flow and coverage according to your preferences.
The multi-function handheld shower head is a valuable addition. It features a push-button diverter that allows you to switch easily between the ceiling mount and handheld functions. The handheld head provides flexibility for targeted rinsing, cleaning, and washing, making it ideal for families and individuals alike.
The push-button diverter is user-friendly and allows for smooth transitions between the different shower heads. It is straightforward to operate, minimizing the hassle of adjusting water flow and temperature
The shower system is designed for ceiling mount installation, which can be a bit more complex compared to wall-mounted setups. Professional installation is recommended to ensure that the system is correctly aligned and securely mounted. The build quality is solid, with durable materials that resist corrosion and wear over time. The matte black finish is designed to be easy to clean and maintain, though it may show water spots or fingerprints that require occasional wiping
The 12" rainfall shower head offers a soothing and enveloping experience, perfect for relaxing showers. The additional rain shower heads provide extra coverage and options for different showering preferences. The handheld shower head enhances convenience, especially for tasks like rinsing off shampoo or cleaning the shower area. The push-button diverter is intuitive and allows for seamless switching between different water sources



**Figure 4: Woindo's Customer Review Before `101 Patent Was Filed[1]**

Defendant raises this point here only to show why an emergency, two-day trip to Pittsburgh is inequitable: the asserted right is a combination of published designs, and the Court can compare the drawings on a screen. A full invalidity motion can follow. The Court does not need counsel in the well to see that the '101 Patent is Whitman Saddle applied to a shower plate.

A design patent is invalid if an ordinary observer would find the claimed design substantially the same as prior art. 35 U.S.C. § 171; *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008) (en banc). These references are not obscure. They are Chinese and EU

---

1 Available at https://www.amazon.com/portal/customer-reviews/B0D5XXTP27/ref=cm_cr_arp_d_viewopt_kywd?_encoding=UTF8&ie=UTF8&reviewerType=all_reviews&filterByKeyword=luxurious.

design registrations and U.S. retail listings that predate the October 21, 2024 filing by years. Defendant should not be required to spend a small-business travel budget to sit in Pittsburgh while that issue is teed up.

**D. No prejudice.**

The hearing can proceed by Zoom. Counsel will be on camera, able to display the patent, the prior-art certificates, and the Amazon pages. Plaintiff's counsel can examine the same exhibits. The Court already uses electronic filing and can use the same platform other W.D. Pa. judges use for out-of-district counsel. Defendant will comply with any pre-hearing exhibit protocol the Court sets.

## III. Request

Defendant requests that the Court:

1. Grant leave for undersigned counsel, and any required client representative, to appear by videoconference at the September 3, 2026 1:30 p.m. hearing;
2. Direct the courtroom deputy to circulate a Zoom (or equivalent) link; and
3. Grant such other relief as is just.

If the Court prefers a short status call instead of a full evidentiary hearing as to this Defendant until jurisdiction is resolved, Defendant will appear remotely for that as well.

Dated: September 1, 2026

Respectfully submitted,

s/ Jianyin Liu
Jianyin Liu
Florida Bar No. 1007675
The Law Offices of James Liu PLLC
9000 SW 157th St
Palmetto Bay, FL 33157
Telephone: (305) 209-6188
Email: jamesliulaw@gmail.com
Counsel for Defendant Woindo
(Pro Hac Vice)

**CERTIFICATE OF SERVICE**

I certify that this document has been served to all parties on record via CM/ECF on this Sept. 1, 2026.

/s/ Jianyin Liu