IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FOSHAN HUAYUN TECHNOLOGY CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>SCHEDULE A DEFENDANTS,<br><br>Defendants. | Civil Case No.: 2:26-cv-01521-CCW |

**PLAINTIFF'S REPLY TO DEFENDANT WOINDO'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

| | |
|---|---|
|  |  |
| Plaintiff's patented design | Defendant Woindo's product |

**A. INTRODUCTION**

Defendant Chinese Reseller Woindo's raises two issues: (1) the Court lacks personal jurisdiction over it; and (2) its proposed combination of *four* references renders the patented design obvious and thus unpatentable. Neither has merit.

First, as shown in the accompanying sales records, Defendant Woindo has sold infringing product into this District; thus, personal jurisdiction exists.

Second, combing isolated elements from a large number of references, without showing the required suggestion or motivation to combine, does not render a patent invalid. There must be "something in the prior art as a whole to suggest the desirability, and thus the obviousness, of making the combination". *Lindemann Maschinenfabrik GmbH v. American Hoist and Derrick Co.*, 730 F.2d 1452, 1462, 221 U.S.P.Q. (BNA) 481, 488 (Fed. Cir. 1984).

Third, Defendant Chinese Reseller Woindo lacks credibility for making factual assertions that are facially false. To start, Defendant Woindo replies on a *doctored* photo that was not even present in one of its cited references. Next, Defendant Woindo claims hardship due to its assets having been frozen by the TRO; but a cursory review of its Amazon store page shows that none of Defendant Woindo's products has been frozen. Moreover, Defendant Woindo claims "emergency" for being a "small" seller who learnt about this case only two days ago; but documentary evidence shows that Defendant Woindo has 23 listings of the infringing products and has engaged at least two law firms to negotiate with Plaintiff since at least August 4, 2026. In short, Defendant Chinese

Reseller Woindo's assertions cannot be trusted.

## B. DISCUSSIONS

### A. Personal jurisdiction over Defendant Woindo Exists.

A true and correct copy of a purchase receipt[1] showing the sales and delivery of Defendant Woindo's infringing product into this District (the City of Etna, PA) is provided as Exhibit A attached to this reply paper. Thus, this Court has personal jurisdiction over Defendant Woindo.

### B. The Patented Design Is Presumed Valid.

As required by 35 U.S. Code Section 282, [d]esign patents are presumed valid and, thus, a moving party seeking to invalidate a design patent … must submit such clear and convincing evidence of facts underlying invalidity that no reasonable jury could find otherwise." *Spigen Korea Co. v. Ultraproof, Inc.*, 955 F.3d 1379, 1383 (Fed. Cir. 2020).

Here, Plaintiff's patented design mut be presumed valid, and Defendant Woindo bears the burden of proving invalidity—by clear and convincing evidence.

### C. Defendant Woindo's Proposed Combination Of Isolated Element From A Large Number Of Reference Does Not Render The Patented Design Obvious.

"In order for a design patent to be valid, it must be: (1) new, (2) original, (3) ornamental, (4) nonobvious to a person of ordinary skill in the art, and (5) not primarily for the purpose of serving a functional or utilitarian purpose." *Barofsky v. Gen. Elec. Corp.*,

[1] Products irrelevant to this case are redacted for privacy reasons.

396 F.2d 340, 342 (9th Cir. 1968).

Here, Defendant Woindo raises a single invalid argument, namely that Plaintiff's patented design is allegedly obvious over the proposed combination of four references.

***First***, Defendant Woindo argues that "the overall appearance" Plaintiff's patented design is "already in the prior art." To this end, Defendant Woindo posits that, as shown its Figure 2, entitled "designs of Prior Arts Listed Above," the designs shown in China '638 Patent and China '838 Patent, when combined, show  Plaintiff's patented design.

But a careful review of the China '638 Patent and China '838 Patent shows that none of the four designs relied on by Defendant Woindo is present.  These non-existent prior art designs are cross-out for the ease of the Court's reference.

Case 2:26-cv-01521-CCW Document 33 Filed 09/01/26 Page 4 of 9



**Figure 2: Designs of Prior Arts Listed Above**

The actual deigns shown in the China '638 Patent and China '838 Patent are produced below. These two side-by-side comparisons show that alleged prior art designs are not even close compared to Plaintiff's patented design and Defendant Woindo's product.

| | | |
|---|---|---|
|  |  |  |
| *China '638 Patent* | *Plaintiff's patented design* | *Defendant Woindo's product* |
|  |  |  |
| *China '838 Patent* | *Plaintiff's patented design* | *Defendant Woindo's product* |

***Second,*** Defendant Woindo fails to prove that "something in the prior art as a whole to suggest the desirability, and thus the obviousness, of making the combination". *Lindemann Maschinenfabrik GmbH v. American Hoist and Derrick Co.*, 730 F.2d 1452, 1462, 221 U.S.P.Q. (BNA) 481, 488 (Fed. Cir. 1984).

When prior art references require selective combination by the court to render obvious a subsequent invention, *there must be some reason for the combination other than the hindsight gleaned from the invention itself*. *ACS Hospital Systems, Inc. v. Montefiore Hospital*, 732 F.2d 1572, 1577 & n.14, 221 U.S.P.Q. (BNA) 929, 933 & n.14 (Fed. Cir. 1984).

The rationale to support a conclusion that the claim would have been obvious is that all the claimed elements were known in the prior art and *one skilled in the art could have combined the elements as claimed by known methods with no change in their respective functions*, and the combination yielded nothing more than predictable results to one of ordinary skill in the art. *KSR,* 550 U.S. at 416, 82 USPQ2d at 1395; *B/E Aerospace, Inc. v. C&D Zodiac, Inc.,* 962 F.3d 1373, 1379, 2020 USPQ2d 10706 (Fed. Cir. 2020); *Sakraida v. AG Pro, Inc.,* 425 U.S. 273, 282, 189 USPQ 449, 453 (1976); *Anderson's-Black Rock, Inc. v. Pavement Salvage Co.,* 396 U.S. 57, 62-63, 163 USPQ 673, 675 (1969); *Great Atl. & P. Tea Co. v. Supermarket Equip. Corp.,* 340 U.S. 147, 152, 87 USPQ 303, 306 (1950). "[I]t can be important to identify a reason that would have prompted a person of ordinary skill in the relevant field to combine the elements in the way the claimed new invention does." *KSR,* 550 U.S. at 418, 82 USPQ2d at 1396. If any of these findings cannot be made,

then this rationale cannot be used to support a conclusion that the claim would have been obvious to one of ordinary skill in the art.

Here, Defendant Woindo fails to provide any evidence that the cited references themselves provided a suggestion or motivation to combine. *See* opposition *generally*.

"[P]rior art references in combination do not make an invention obvious unless something in the prior art references would suggest the advantage to be derived from combining their teachings." *In re Sernaker*, 702 F.2d 989, 994 (Fed. Cir. 1983)

Here, Defendant Woindo provides no evidence that its cited references suggests an advantage from its proposed combination. For example, Defendant Woindo does not argue that its proposed combination would be aesthetically pleasing, nor that the proposed combination would provide additional functionalities not presented in each individual design.

***Third***, in fact, Defendant Woindo's proposed combination and modification of cited reference would render the prior technology unsatisfactory for its purpose.

If a proposed modification would render the prior art invention being modified unsatisfactory for its intended purpose, there may be no suggestion or motivation to make the proposed modification. *In re Gordon,* 733 F.2d 900, 221 USPQ 1125 (Fed. Cir. 1984).

In *Gordan*, the claimed device was a blood filter assembly for use during medical procedures wherein both the inlet and outlet for the blood were located at the bottom

end of the filter assembly, and wherein a gas vent was present at the top of the filter assembly.

The prior art reference taught a liquid strainer for removing dirt and water from gasoline and other light oils wherein the inlet and outlet were at the top of the device, and wherein a pet-cock (stopcock) was located at the bottom of the device for periodically removing the collected dirt and water. The reference further taught that the separation is assisted by gravity.

The court held that the claimed design is not obvious, because if the prior art device were turned upside down it would be inoperable for its intended purpose because the gasoline to be filtered would be trapped at the top, the water and heavier oils sought to be separated would flow out of the outlet instead of the purified gasoline, and the screen would become clogged.

In other words, when elements of a prior reference must be displaced to purportedly show obviousness, but the displacement would cause the prior reference to become unsatisfactory for its purpose, the proposed modification fails.

Here, Defendant Woindo's proposed modification of the China '638 Patent and China '838 Patent would render these technologies inoperable. For example, Defendant Woindo proposes that the dial shown in the China '838 Patent (on the right) be relocated under the three buttons. But the point of using a dial—as opposed to a long-armed handle (as shown in the China '638 Patent to the left)—is to save space for three buttons

installed beneath the dial. The space-saving design would serve no purpose, if relocating the dial, as Defendant Woindo proposes, would not save any space for the buttons beneath it.

| | |
|---|---|
|  |  |
| ***China '638 Patent*** | ***China '838 Patent*** |

In sum, Defendant Woindo's proposed combination and modification of China '638 Patent and China '838 Patent fails to rebut the statutory presumption that Plaintiff's patented design is valid by clear and convincing evidence.

///

///

///

**D. Defendant Woindo's Two Remaining Passing Arguments Are Also Unavailing.**

Defendant Woindo's Exhibit C is a purported EU design. Defendant Woindo does not explain how this exhibit can carry the required burden of proving invalidity by clear and continence evidence. Defendant Woindo also fails to offer any suggestion or motivation to combine this reference with any other references.

Next, Defendant Woindo's proffered photo of a user review is once again lacking prima facie reliability. Defendant Woindo claims that this user review show that the accused product was being sold on August 26, 2026. But these photos showed a completely different product.

| **Defendant Woindo's proffered photo** | **Photos of Defendant Woindo's accused product** |
| --- | --- |
|  |  |






In sum, neither of Woindo's two remaining arguments made in passing is unavailing.

**C. CONCLUSION**

Having failed to rebut the statutory presumption that Plaintiff's patented design is valid with any reliable evidence, let alone by clear and convincing evidence, Defendant Woindo's invalidity argument should be rejected. So should be its lack of personal jurisdiction, because documentary evidence shows that Defendant Woindo has sold and delivered the accused product into this District.

The preliminary injunction should thus issue against Defendant Woindo.

Date: September 2, 2026

Respectfully submitted,

/s/ Zheng "Andy" Liu
Zheng "Andy" Liu (CA- 279327)
***Aptum Law***
1660 S Amphlett Blvd Suite 315
San Mateo, CA 94402
Email: Andy.Liu@AptumLaw.us
Phone: 650-475-6289

*ATTORNEY FOR PLAINTIFF*