**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**FOSHAN HUAYUN TECHNOLOGY CO., LTD.,**

Plaintiff,

v.

**SCHEDULE A DEFENDANTS,**

Defendants.

**Civil Action No. 2:26-cv-01521-CCW**

Hon. Christy Criswell Wiegand

---

**DEFENDANT WOINDO'S OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE THE PRELIMINARY INJUNCTION HEARING AND TO EXTEND THE TEMPORARY RESTRAINING ORDER**

Defendant Woindo ("Woindo"), by and through undersigned counsel, opposes Plaintiff Foshan Huayun Technology Co., Ltd.'s Motion to Continue Preliminary Injunction Hearing and to Extend the Temporary Restraining Order (ECF No. 42). The Court should deny the motion as to Woindo, keep the September 17, 2026 in-person show-cause hearing, and refuse any further extension of the ex parte temporary restraining order over Woindo's objection.

## I. INTRODUCTION

This is Plaintiff's *second* request to move the same preliminary-injunction hearing. The Court already granted the first continuance, reset the hearing to September 17, 2026 at 9:30 a.m. *in person* in Courtroom 9B, and set a briefing schedule that has now run. ECF No. 37. Woindo appeared, answered, counterclaimed, and filed its opposition to the preliminary injunction. ECF

Nos. 40, 41. Undersigned counsel then booked airfare, rail tickets (from Philadelphia to Pittsburgh), and lodging (partially non-refundable) to comply with the Court's in-person order after remote appearance was not permitted.

Plaintiff now asks, on the eve of that hearing, to push it two more weeks and to stretch an August 21 ex parte TRO into a 41-day restraint. The stated reason is that Amazon has not given Plaintiff contact information for *other* Schedule A defendants. That problem, if it is a problem, does not justify postponing a hearing as to a defendant who already has notice, has appeared, and has briefed the motion. Plaintiff's own papers concede that a continuance is unnecessary as to defendants on a separate track. ECF No. 42 at 2, 4. Woindo is on this Court's September 17 calendar. The hearing should proceed as to Woindo.

## II. PROCEDURAL HISTORY

Plaintiff filed this design-patent Schedule A action on July 17, 2026. ECF No. 1. On July 22, 2026, the Court denied without prejudice Plaintiff's motion for alternative service by email and website publication, holding that the Hague Service Convention presumptively governs service on defendants alleged to reside in China and that Plaintiff had not shown the Convention was inapplicable. ECF No. 13.

On August 21, 2026, the Court granted an ex parte temporary restraining order and set an in-person show-cause hearing for September 3, 2026. ECF No. 25. On August 31, Plaintiff moved to continue that hearing. ECF No. 32. Woindo opposed. ECF No. 35. On September 2, the Court granted the continuance, reset the hearing to *September 17, 2026 at 9:30 a.m., in person,*

*Courtroom 9B*, required opposition papers by September 10, and required Plaintiff's reply by September 14. ECF No. 37. The same day, the Court denied as moot Woindo's emergency request for a remote appearance, in light of the continuance. ECF No. 38.

Woindo then appeared through counsel admitted pro hac vice, answered the complaint, asserted a counterclaim, and filed an amended brief in opposition to the preliminary injunction with prior-art exhibits. ECF Nos. 39–41. In reliance on ECF No. 37, and because the Court required personal appearance, undersigned counsel purchased airfare, train tickets, and hotel accommodations for the September 17 hearing. Several of those charges are nonrefundable.

On September 14, 2026—the day Plaintiff's reply was due under ECF No. 37, and three days before the hearing—Plaintiff filed this second continuance motion. ECF No. 42.

## III. ARGUMENT

### A. Amazon's delay as to unserved defendants is not good cause to continue the hearing as to Woindo.

Plaintiff's motion is candid about its real target. Plaintiff cannot notify "these defendants" because Amazon has not produced contact information, so a September 17 hearing would be "non-substantive due to most Defendants having no notice of it." ECF No. 42 at 1–2. Plaintiff also states that the requested changes "will not affect" Defendant No. 1, which has appeared and is on a separate briefing schedule, and that the motion "seeks a continuance of the preliminary injunction hearing only as to the remaining non-appearing Defendants." ECF No. 42 at 2, 4.

Woindo is not a non-appearing defendant. Woindo has notice. Woindo has appeared. Woindo has answered and counterclaimed. Woindo has filed its preliminary-injunction

opposition. ECF Nos. 40, 41. A hearing as to Woindo will not be "non-substantive." If Plaintiff needs more time to identify and serve other storefronts, the proper course is to proceed on September 17 as to the appearing defendant and, if the Court is willing, to set a later show-cause date as to defendants who have not yet been served. Plaintiff offers no reason why Woindo must wait for Amazon.

The delay is also of Plaintiff's own making. This case has been pending since July 17. The Court told Plaintiff on July 22 that Hague service, not email publication, is the starting point, and that Plaintiff had not shown reasonable diligence to locate addresses. ECF No. 13. Two months later, Plaintiff still has no addresses for the unserved defendants and still has not renewed a properly supported motion for alternative service. That is not a reason to adjourn a hearing the Court already continued once, as to a defendant who is ready.

**B. Rule 65(b)(2) does not authorize a second extension of this ex parte TRO over Woindo's objection.**

An ex parte temporary restraining order "expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2). The reasons for any extension must be entered in the record. *Id.* A TRO that lasts longer than twenty-eight days without the adverse party's consent is treated as a preliminary injunction and must rest on the showing Rule 65(a) requires. *See Sampson v. Murray*, 415 U.S. 61, 86–88 (1974); *U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc.*, 775 F.3d 128, 132 n.2 (2d Cir. 2014) ("A TRO cannot exceed fourteen days unless the district court, 'for good cause,' extends it for another period of

no more than fourteen days; a TRO lasting longer than twenty-eight days requires that the adverse party consent.”).

The TRO issued on August 21, 2026. ECF No. 25. Fourteen days from entry was September 4. The Court already extended the restraint and the hearing to September 17—twenty-seven days after entry. ECF No. 37. Plaintiff now asks the Court to carry the same *ex parte* order to October 1, forty-one days after entry. Woindo does not consent. Plaintiff has not made, and on this record cannot make, the full Rule 65(a) showing that would be required to convert the TRO into a preliminary injunction as to Woindo without a hearing.

Rule 65(b)(3) points the same way. After an *ex parte* TRO, “the motion for a preliminary injunction must be set for hearing at the earliest possible time,” and “[a]t the hearing, the party who obtained the order must proceed with the motion.” Fed. R. Civ. P. 65(b)(3). If that party does not proceed, “the court must dissolve the order.” *Id.* Plaintiff obtained the TRO. The hearing is set. Plaintiff should proceed as to the defendant who is here—not postpone the hearing because other defendants have not been served.

Plaintiff’s cited “good cause” does not fill the gap. Marketplace processing time may explain why Amazon has been slow. It does not explain why an appearing defendant must remain under an expired or soon-to-expire ex parte restraint while Plaintiff waits for contact data it has been seeking, unsuccessfully, since August. Plaintiff also admits that Amazon “has not yet implemented the asset and storefront restraints.” ECF No. 42 at 4. A further paper extension of an unimplemented order, entered without notice, is not a substitute for the hearing Rule 65 requires.

**C. A second continuance would prejudice Woindo and reward last-minute delay.**

The Court ordered an in-person hearing. ECF No. 37. The Court denied Woindo's remote-appearance request as moot when it granted the first continuance. ECF No. 38. Counsel therefore booked travel and lodging to be in Pittsburgh on September 17. Air tickets, train tickets, and hotel charges have been incurred. Several are nonrefundable. Plaintiff filed this motion three days before the hearing, on the date its own reply was due. ECF Nos. 37, 42. That timing maximizes the wasted expense and minimizes Woindo's ability to unwind travel that the Court's last order required.

Prejudice is not limited to sunk costs. Every continuance prolongs the cloud of an *ex parte* asset and storefront restraint over a defendant who has appeared to contest it. Woindo filed an answer, a counterclaim, and a prior-art opposition. ECF Nos. 40, 41. It is entitled to be heard on the date the Court set—not to wait until Plaintiff finishes a service project that does not involve Woindo.

Rule 6(b)(1)(A) does not change the result. An extension of time "for good cause" is discretionary. Plaintiff already received one continuance of this hearing. It waited until the reply deadline to ask for another. Good cause is not shown by recycling the same Amazon-delay narrative the Court already accommodated on September 2.

**D. If any relief is granted, it should be limited to unserved defendants.**

Should the Court conclude that unserved Schedule A defendants need a later show-cause date, that relief can be granted without moving Woindo's hearing and without extending the TRO

as to Woindo. Plaintiff already draws that distinction for Defendant No. 1. ECF No. 42 at 2, 4. The same distinction applies to Woindo. The September 17, 2026 in-person hearing should proceed as to Woindo. Any extension of the TRO, if one is entered at all, should run only as to defendants who have not appeared.

## IV. CONCLUSION

Woindo respectfully requests that the Court deny ECF No. 42 as to Woindo; retain the September 17, 2026 at 9:30 a.m. in-person show-cause hearing in Courtroom 9B as to Woindo; refuse any further extension of the August 21, 2026 temporary restraining order as to Woindo; and grant such other relief as the Court deems just and proper.

Dated: September 14, 2026

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu, Esq.
Florida Bar No. 1007675
(admitted pro hac vice, ECF No. 39)
The Law Offices of Jianyin Liu, PLLC
9000 SW 157th Street
Palmetto Bay, Florida 33157
Telephone: (305) 209-6188
Email: jianyin.cdc@gmail.com

Attorney for Defendant Woindo

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Jianyin Liu
Jianyin Liu, Esq.