IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FOSHAN HUAYUN TECHNOLOGY CO., LTD.,<br>Plaintiff,<br><br>v.<br><br>SCHEDULE A DEFENDANTS,<br><br>Defendants. | Civil Case No.: 2:26-cv-01521-CCW<br><br>**PATENT OWNER'S REPLY TO DEFENDANT WOINDO'S OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION** |

A picture is worth a thousand words; a side-by-side comparison of Plaintiff's patented design and Defendant Woindo's product is provided below for the Court's ease of reference.

| | |
|---|---|
|  |  |
| ***Plaintiff's patented design*** | ***Defendant Woindo's product*** |

**A. INTRODUCTION**

Defendant Chinese Reseller Woindo raises two issues: (1) the Court lacks personal jurisdiction over it; and (2) its proposed combination of four references renders the patented design obvious and thus unpatentable. Neither has merit.

First, as shown in the accompanying sales records, Defendant Woindo has sold infringing product into this District; thus, personal jurisdiction exists.

Second, combining isolated elements from many references, without showing the required suggestion or motivation to combine, does not render a patent invalid. There must be "something in the prior art as a whole to suggest the desirability, and thus the obviousness, of making the combination". *Lindemann Maschinenfabrik GmbH v. American Hoist and Derrick Co.*, 730 F.2d 1452, 1462, 221 U.S.P.Q. (BNA) 481, 488 (Fed. Cir. 1984).

**B. DISCUSSION**

**I. Personal Jurisdiction over Woindo Exists.**

Defendant Woindo having sold and delivered the accused products in this District (Jin Decl., Ex. A), this Court has personal jurisdiction over Defendant Woindo.

**II. Defendant Fails To Rebut The Statutory Presumption Of Patent Validity By Clear And Convincing Evidence.**

"Design patents are presumed valid and, thus, a moving party seeking to invalidate a design patent … must submit such clear and convincing evidence of facts underlying invalidity that no reasonable jury could find otherwise." *Spigen Korea Co. v. Ultraproof, Inc.*, 955 F.3d 1379, 1383 (Fed. Cir. 2020). Here, Woindo argues that Plaintiff's

patent is invalid for allegedly being obvious over its proposed combination of four references: (1) China ’638 Patent, (2) China ’841 Patent, (3) China ’838 Patent, and (4) EU ’0043 Registration.

***First***, Woindo argues that the following individual elements of the patented design are shown in the cited references: “a rectangular wall plate, a row of circular controls, and a rectangular lever or handle hanging below the plate” (Opp., at 5.).

Woindo’s element-by-element comparison, however, relies on a wrong legal standard. “An element-by-element comparison, untethered from application of the ordinary observer inquiry to the overall design, is procedural error.” *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015) *(citing Amini Innovation Corp. v. Anthony Cal., Inc.*, 439 F.3d 1365, 1372 (Fed. Cir. 2006)) (“Where … the claimed design includes several elements, the fact finder must … compar[e] similarities in overall designs, not similarities of ornamental features in isolation”).

***Second,*** Woindo fails to articulate the specific teaching of each individual reference and how its proposed combination works. Woindo simply unleashes a great number of references and asks the Court to find a combination that may invalidate the patent-in-suit. “Care must be taken[, however,] to avoid hindsight reconstruction by using the patent in suit as a guide through the maze of prior art references, combining the right references in the right way so as to achieve the result of the claims in suit." *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 840 F.2d 902, 907 (Fed. Cir. 1988) (internal

quotation marks omitted). "Broad conclusory statements regarding the teaching of multiple references, standing alone, are not 'evidence.'" *In re Dembiczak, 175 F.3d 994*, 999 (Fed. Cir. 1999). Thus, Woindo fails to meet its burden of proving patent invalidity by clear and convincing evidence: it does not specify what each of its cited reference teaches and how it is proposing to combine these references.

***Third,*** Woindo fails to prove that "something in the prior art as a whole … suggest[s] the desirability, and thus the obviousness, of making the combination". *Lindemann Maschinenfabrik GmbH v. American Hoist and Derrick Co.*, 730 F.2d 1452, 1462, 221 U.S.P.Q. (BNA) 481, 488 (Fed. Cir. 1984).

Here, Woindo fails to produce any evidence showing a suggestion or motivation to combine. For example, Woindo articulates no advantage provided by its proposed combination. *In re Ethicon, Inc.*, 844 F.3d 1344 (Fed. Cir. 2017) (deciding the issue of non-obviousness based on technical advantages); *Slingshot Printing LLC v. Canon U.S. Inc.*, No. 2024-1956, 2026 LX 225696 (Fed. Cir. Apr. 23, 2026) (finding a motivation to combine based on technical advantages). More specifically, Woindo does not argue that its proposed combination would be aesthetically pleasing, nor that it would provide better or additional functionalities. In sum, because "there must exist a motivation to combine various prior art references in order for a skilled artisan to make the claimed invention" (*Virtek Vision Int'l ULC v. Assembly Guidance Sys.*, Inc., 97 F.4th 882, 887 (Fed. Cir. 2024)), Woindo's proposed combination is unavailing for having produced no evidence remotely

showing the required motivation or suggestion to combine.

***Fourth,*** Defendant Woindo's proposed combination and modification would render the prior technology unsatisfactory for their purposes. *In re Gordon*, 733 F.2d 900 (Fed. Cir. 1984) (holding that there may be no suggestion or motivation to combine, if a proposed modification would render the prior art invention being modified unsatisfactory for its intended purpose).

In *Gordon*, the claimed device was a blood filter, where (1) both the inlet and outlet for the blood were located at the bottom end of the filter assembly, and (2) a gas vent was present at the top of the filter assembly.

The prior art reference taught a liquid strainer for removing dirt and water from gasoline and other light oils using gravity, where (i) the inlet and outlet were at the top of the device, and where (ii) a stopcock was located at the bottom of the device for removing dirt and water. The Federal Circuit held that the claimed design is not obvious, because if the prior art device were turned upside down it would be inoperable for its intended purpose: the gasoline to be filtered would be trapped at the top, the water and heavier oils sought to be separated would flow out of the outlet instead of the purified gasoline, and the screen would become clogged.

Here, Woindo's proposed modification would render these technologies inoperable. For example, Woindo proposes that the dial shown in the China '838 Patent and '841 Patent (shown in the middle and on the right) be relocated under the three

buttons. But the necessity of using a dial—as opposed to a long-armed handle (as shown in the China ’638 Patent to the left)—is to save space for three buttons installed beneath the dial. The space-saving designs shown in the China ’838 Patent and ’841 Patent would serve no purpose, if relocating the dial, as Woindo proposes, saves no space for the buttons beneath it.

| | | |
|---|---|---|
|  |  |  |
| ***China ’638 Patent*** | ***China ’838 Patent*** | ***China ’841 Patent*** |

In sum, Woindo’s proposed combination and modification of China ’638 Patent, ’841 Patent, and China ’838 Patent fails to rebut the statutory presumption that Plaintiff’s patented design is valid by clear and convincing evidence.

**III.Woindo’s Functionality Argument Fares No Better.**

The proper inquiry for determining functionality of a design is whether the overall appearance of the design is “dictated by” a utilitarian or ornamental purpose. *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1123 (Fed. Cir. 1993) (citations omitted).

Here, Woindo’s functionality argument once again misstates the legal standard. It argues that because each element of Plaintiff’s patented design can serve a certain function, the patented design must be entirely functional. Namely, Woindo posits that (A)

the side openings of the patented design function as water inlets, (B) the back opening as a water outlet, (C) the long-arm handle as a water switch, (D) the dials above the long-arm handle as selectors; thus, each element serving at least one function, Plaintiff's patented design must be completely functional. Not so.

First, Woindo's element-by-element approach is wrong. "In determining whether a design is primarily functional or primarily ornamental *the claimed design is viewed in its entirety*, *for the ultimate question is not the functional or decorative aspect of each separate feature*, but the overall appearance of the article, in determining whether the claimed design is dictated by the utilitarian purpose of the article." *L.A. Gear*, 988 F.2d at 1123.

Second, a patent challenger fails the "dictated by" standard "[w]hen there are *several ways to achieve the function* of an article of manufacture," at which time, "the design of the article is more likely to serve a primarily ornamental purpose." *L.A. Gear*, 988 F.2d at 1123 (emphasis added).

**IV.Woindo's Three Remaining Passing Arguments Are Also Unavailing.**

First, Woindo does not explain how EU '0043 Registration (Opp. Ex. D) can carry the required burden of proving invalidity by clear and convincing evidence: for example, it offers no suggestion or motivation to combine this reference with any other references.

Second, Woindo's proffered photo of a user review lacks prima facie reliability. Woindo claims that this user review proves that its accused product was sold before the priority date of the patent-in-suit. But this photo shows a completely different product. In

sum, both of these arguments made in passing are unavailing.

| Woindo's Proffered Photo | Woindo's Accused Product |
|---|---|
|   |   |
|   |  |

Third, Woindo's ordinary observer argument lacks factual support. Whether an ordinary observer would judge a patented design to be similar to a prior design requires the testimony of an expert having "familiarity with the perspective of a POSA [Person of Ordinary Skill in the Art]." *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 667 (Fed. Cir.

2000) (remanding where it was unclear whether a witness's testimony was relevant to the perspective of a POSA); *see also Kyocera Senco Indus. Tools Inc. v. Int'l Trade Comm'n*, 22 F.4th 1369, 1376-77 (Fed. Cir. 2022) ("To offer expert testimony from the perspective of a skilled artisan in a patent case—like for claim construction, validity, or infringement—a witness must at least have ordinary skill in the art.").

Here, Woindo's ordinary observer argument is unserious, having offered no evidence whatsoever establishing how a POSA would view the patented design and the cited references.

**V. Woindo's Lack Of Irreparable Harm And Public Interest Arguments Are Incorrect.**

"[A] court ought not reward a business built on an infringing product by allowing that infringement to continue in the face of a proper application for preliminary relief." *Advanced Communication Design, Inc. v. Premier Retail Networks, Inc.*, 46 Fed. Appx. 964, 984-85 (Fed. Cir. 2002). In the *Advanced Communication Design* case, the Federal Circuit found in favor of preliminary injunction in a patent infringement case, despite a claim that an injunction would effectively put alleged infringer out of business. The Federal Circuit reasoned that preliminary injunction was favored because the patentee had lost business, goodwill, and sales opportunities, and it was possible that alleged infringer had already benefitted at patentee's expense.

Here, Woindo evades addressing any of these factors the Federal Circuit enumerated, but claims only that Plaintiff Patent Owner delayed in enforcing the patent-

in-suit. Woindo, however, offers no evidence that Plaintiff Patent Owner was aware of its infringing activity before this lawsuit. Second, Woindo claims that freezing its Amazon account would not help Plaintiff Patent Owner recover loss in the event Woindo is found liable. Most tellingly, Woindo refuses to say whether it would transfer its assets outside the jurisdiction of this Court if the injunction is not imposed. Thus, absent an injunction, Plaintiff Patent Owner will, in practice, have no chance of recovery against Woindo.

Next, the public interest "favor[s] the enforcement of patent rights to promote the encouragement of investment-based risk." *Apple Inc. v. Samsung Electronics Co., Ltd.*, 735 F.3d 1352, 1371 (Fed. Cir. 2013). Woindo offers nothing showing how continuing infringing activity would promote public interest.

**C. CONCLUSION**

Having failed to rebut the statutory presumption that Plaintiff's patented design is valid with any admissible evidence, let alone by clear and convincing evidence, Defendant Woindo's invalidity argument should be rejected. So should its lack of personal jurisdiction argument, because documentary evidence shows that Defendant Woindo has sold and delivered the accused product into this District.

The preliminary injunction should thus issue against Defendant Woindo.

Date: September 14, 2026

Respectfully submitted,

/s/ Zheng “Andy” Liu
Zheng “Andy” Liu (CA 279327)
***Aptum Law***
1660 S Amphlett Blvd Suite 315
San Mateo, CA 94402
Email: Andy.Liu@AptumLaw.us
Phone: 650-475-6289

*ATTORNEY FOR PLAINTIFF*