# Exhibit 1

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CAO GROUP INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATES IDENTIFIED ON SCHEDULE A<br><br>Defendants. | 24 CV 1211<br><br>Judge Thomas M. Durkin |

**ORDER**

Plaintiff alleges that Defendants use third-party online platforms such as Amazon to sell unauthorized products that infringe Plaintiff's utility patents. *See* R. 19. Plaintiff asserts patent infringement claims under Federal law and an unjust enrichment claim under Illinois common law. *Id.* The Court entered a Preliminary Injunction Order barring Defendants from continuing to sell allegedly infringing products and ordering the third-party platforms to "restrain and enjoin" the transfer of money from Defendants' accounts. R. 47 ¶¶ 2, 6. Certain Defendants[1] move the Court to modify the asset restraints. R. 36; R. 50. Defendants' motions to modify the asset restraints are granted for the reasons stated below.

[1] Defendant No. 4 (Deepsound); Defendant No. 5 (BYS Technology); Defendant No. 8 (zhuhai jiashu dianzishangwu youxiangongsi d/b/a GD-Whitening, previously known as GD-SSS); Defendant No. 10 (Carbonline); Defendant No. 23 (Moose Store); Defendant No. 26 (Blue Elf); Defendant No. 27 (Acupress).

## Discussion

Defendants argue that the Court lacks authority to freeze their assets based on *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999). In *Grupo Mexicano*, the Supreme Court held that district courts may not "issue a preliminary injunction preventing the defendant from transferring assets in which no lien or equitable interest is claimed." 527 U.S. at 310. In other words, "a district court may not issue an injunction freezing assets in an action for money damages where no equitable interest is claimed." *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002). *See Banister v. Firestone*, 2018 WL 4224444, at *9 (N.D. Ill. Sept. 5, 2018) ("[P]rejudgment asset restraints are not proper simply to establish a fund from which a later award of money damages can be satisfied.").

As a threshold issue, Plaintiff's unjust enrichment claim is preempted by Federal patent law. *See Hagenbuch v. 3B6 Sistemi Elettronici Industriali S.R.L.*, No. 04 C 3109 at Docket No. 29 (N.D. Ill. Mar. 14, 2005) ("Here, we find that a state law claim for unjust enrichment based solely on allegations of patent infringement conflicts with the federal statute defining damages for patent infringement under [35 U.S.C.] § 284."); *CAA Indus., Ltd. v. Recover Innovations, Inc.*, 2023 WL 3724174, at *3 (D. Nev. May 26, 2023) ("Plaintiff's unjust enrichment claim is preempted by federal patent law."). Because the unjust enrichment claim is preempted, it cannot be the basis for the preliminary injunction. The Court thus considers only Plaintiff's patent infringement claims.

Regarding patent infringement, Plaintiff seeks injunctive relief pursuant to 35 U.S.C. § 283 and damages pursuant to 35 U.S.C. § 284. R. 19 ¶¶ 41–62. Under Section 283, courts "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the Court deems reasonable." 35 U.S.C. § 283. And under Section 284, plaintiffs may recover "damages adequate to compensate for the infringement, but in no event less than a reasonable royalty." 35 U.S.C. § 284.

There is no dispute that Section 284 allows only for money damages and not for equitable relief. For this reason, another court in the Northern District has found that asset restraints are not permissible in the utility patent context. *See, e.g., ABC Prod. v. Individuals, et al.*, 2024 WL 1549784, at *6 (N.D. Ill. Jan. 9, 2024). That court distinguished between trademarks and utility patents: an asset freeze is permissible in the trademark context where 15 U.S.C. § 1117 allows plaintiffs to obtain equitable relief of accounting and profits; but not in the utility patent context, where the final relief under Section 284 is money damages. *Id.* (comparing 15 U.S.C. § 1117 with 35 U.S.C. § 284). A second court in the Northern District suggested the same in dicta. *See LG Elecs., Inc. v. Partnerships, et al.*, 2021 WL 8315935, at *3 (N.D. Ill. July 23, 2021) (ruling on other grounds but stating: "Restraints on assets may still be proper when in service of an equitable remedy, such as accounting and profits, but it is not clear that such a remedy is permitted in the patent context.").[2]

[2] Plaintiff identifies other utility patent cases where Northern District courts have allowed asset freezes. R. 51 at 5. Plaintiff cites to *Hong Kong Xingtai Int'l Trade Co.*

There is also no dispute that Plaintiff seeks equitable relief under 35 U.S.C. § 283. *See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311 (1982) ("[An] injunction is an equitable remedy."). To this point, district courts may issue a prejudgment asset freeze to support claims for "final equitable relief" but only if the asset freeze is "ancillary to that relief." *See Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 131 (2d Cir. 2014) (citing *Grupo Mexicano*, 527 U.S. at 319). Here, Plaintiff seeks two forms of final relief—a money judgment pursuant to Section 284 and a permanent injunction pursuant to Section 283 to prevent the sale of infringing products. R. 19 ¶¶ 41–62. To the extent the prejudgment asset freeze is relevant, it serves only to prevent Defendants from moving their assets to evade the money judgment. Indeed, the asset freeze is "ancillary" to the final legal relief and irrelevant to the final equitable relief. As stated above, "prejudgment asset restraints are not proper simply to establish a fund from which a later award of money damages can be satisfied." *Banister*, 2018 WL 4224444, at *9. For these reasons, the asset freeze is impermissible. *See Zorro Prods., Inc. v. Individuals, et al.*, 2023 WL 8807254, at *4 (N.D. Ill. Dec. 20, 2023) ("An equitable restraint on day one might be doable if a plaintiff requested and received equitable monetary relief at the end of the case, [but not otherwise].").

---

*Ltd. v. the Individuals, et al.*, 23-cv-15836 at Docket No. 67. But this is a minute entry and provides only that "[f]or reasons stated on the record," the "asset restraint order is lifted as to [certain] defendants" and "reduc[ed]" for others. Plaintiff cites to other cases where the courts entered asset freezes as part of preliminary injunction orders. *See* R. 51 at 5–6. But in these cases, typical of Schedule A disputes, the preliminary injunction was unopposed and the courts were denied the benefit of adverse briefing. Ultimately, Plaintiff fails to identify a single substantive ruling (in the Northern District or beyond) where a court allowed an asset freeze in the utility patent context over objections of the defendants. The cases cited by Plaintiff are thus unpersuasive.

## Conclusion

For the reasons stated above, Defendants' motions to modify the asset restraints (R. 36; R. 50) are granted. Plaintiff must dissolve the asset restraints against all Defendants named in this lawsuit, not just those who brought this motion, by May 29, 2024.

ENTERED:

Honorable Thomas M. Durkin
United States District Judge

Dated: May 20, 2024