**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FOSHAN HUAYUN TECHNOLOGY CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>SCHEDULE A DEFENDANTS,<br><br>Defendants. | Civil Action No. 2:26-cv-01521-CCW<br><br>Judge Christy Criswell Wiegand |

**DEFENDANT NO. 1'S MOTION FOR LEAVE TO FILE EXCESS PAGES FOR ITS OPPOSITION BRIEF [DKT. 49]**

Defendant No. 1, ZHENJIANGJIANHONGMAOYIYOUXIANGONGSI d/b/a "Cocktap" ("Cocktap"), respectfully moves this Honorable Court for leave to file excess pages for its brief (Dkt. 49, the "Opposition") in opposition to Plaintiff's sealed *ex parte* motion for a temporary restraining order, asset restraint, and expedited discovery (Dkt. 16, the "TRO Motion").

In support of this Motion for Leave, COCKTAP states as follows:

1. On July 17, 2026, Plaintiff Foshan Huayun Technology Co., Ltd. ("Plaintiff") commenced this design patent infringement action against the sellers identified in its sealed Schedule A, asserting U.S. Patent No. D1,057,101 S (the "'101 Patent"). *See* Dkts. 1, 15.
2. On July 31, 2026, Plaintiff filed its TRO Motion under seal, together with a supporting memorandum of law and two declarations. Dkts. 16, 16-2, 16-3, 17.
3. On August 12, 2026, the Court granted Cocktap's motion to intervene for a limited purpose and confirmed that Cocktap is identified on Plaintiff's sealed

Schedule A. Dkt. 21. On August 20, 2026, the Court ordered Cocktap to respond to the TRO Motion by September 15, 2026. Dkt. 24.

4. The Opposition is filed concurrently herewith pursuant to the Court's August 20, 2026 Order (Dkt. 24).

5. As explained in the Opposition, the TRO Motion raises numerous record-specific factual and legal issues, including: (a) Plaintiff's lack of standing under 35 U.S.C. § 281, in light of its own declarant's sworn statement that he, rather than Plaintiff, is the owner of the '101 Patent; (b) substantial questions concerning invalidity and unenforceability of the '101 Patent; (c) Plaintiff's failure to establish infringement as to each of Cocktap's nine (9) accused products, which Plaintiff addresses with a single photograph compared against only one of the '101 Patent's eight (8) figures; (d) Plaintiff's failure to establish irreparable harm, including in light of its own lengthy delay in seeking any relief; (e) the balance of equities and the public interest; (f) the absence of good cause for expedited discovery; (g) the lack of a proper basis for the requested prejudgment asset restraint; and (h) the need for a substantially increased bond under Federal Rule of Civil Procedure 65(c). Dkt. 49.

6. The Opposition also identifies the limited respects in which Cocktap joins Woindo's Amended Opposition (Dkt. 41), so that the Court has a complete record before any hearing on the TRO Motion as to Cocktap.

7. In view of the number and complexity of the factual and legal issues raised by the TRO Motion, Cocktap respectfully submits that the requested additional pages are necessary for it to fully and fairly address those issues. Cocktap has endeavored to present its arguments concisely.

8. Cocktap therefore seeks leave to file a single 21-page Opposition, excluding the caption, signature block, certificate of service, and exhibits.
9. Granting this Motion will not prejudice Plaintiff, because the Court has already provided Plaintiff an opportunity to reply to Cocktap's Opposition. *See* Dkt. 24.
10. This is Cocktap's first request to exceed the page limits in this action.

For the above reasons, Cocktap respectfully requests that this Court grant this Motion and enter the accompanying proposed order granting Cocktap leave to file its Opposition (Dkt. 49), not to exceed 21 pages.

Respectfully submitted,

Dated: September 15, 2026

*/s/ Zheng Gong*
Zheng Gong
(admitted *pro hac vice*)
Primary Bar No: IL 6323959
**ShinyRise PLLC**
1 East Erie St., Suite 525-5203
Chicago, IL 60611
Email: zheng.gong@shinyrise.com
Phone: 312-612-0288

*Counsel for Defendant No. 1*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing paper was filed electronically with the Clerk of the Court using the CM/ECF system on the date below, which will send notification of such filing to all counsel of record.

Date: September 15, 2026 *<u>/s/ Zheng Gong</u>*