IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FOSHAN HUAYUN TECHNOLOGY CO., LTD.,
Plaintiff,

v.

SCHEDULE A DEFENDANTS,

Defendants.

Civil Case No.: 2:26-cv-01521-CCW

**OPPOSITION TO DEFENDANT NO. 1'S MOTION FOR LEAVE TO FILE EXCESS PAGES FOR ITS OPPOSITION BRIEF**

Rules are rules. This Court requires an opposition brief to be no more than ten pages. A party's inability articulate a concise argument and addiction to redundant and irrelevant materials are not good causes to bombast the Court and the peer litigants with kitchen sink copied-and-pasted materials disguised as briefs. Defendant Cocktap's whopping 22-page opposition is excessive and without good cause.

First, Cocktap wastes pages after pages citing irrelevant district court cases form:

1. the South District of Florida:

   a. Shenzhen Hengzechen Tech. Co. v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule "A", No. 23-23380-CivScola, 2024 U.S. Dist. LEXIS 21313, at *4–7 (S.D. Fla. Feb. 7, 2024;

b. Baoying Zhao v. Individuals, No. 21-cv-62264-WPD, 2021 U.S. Dist. LEXIS 263922, at *2–4 (S.D. Fla. Dec. 6, 2021;

2. the Northern District of Illinois:

a. LG Elecs., Inc. v. P'ships & Unincorporated Ass'ns Identified in Schedule A, No. 21 CV 2600, 2021 U.S. Dist. LEXIS 257615, at *9–12 (N.D. Ill. July 23, 2021);

b. CAO Group Inc. v. Individuals, No. 24-cv-1211, Dkt. 67 (Slip Op.)(N.D. Ill. May 20, 2024);

3. the Southern District of New York:

a. GeigTech East Bay LLC v. Lutron Elecs. Co., No. 20-cv-10195, 2021 U.S. Dist. LEXIS 152133, *24-28 (S.D.N.Y. Aug. 12, 2021);

b. Sure Fit Home Prods., LLC v. Maytex Mills, Inc., No. 21 Civ. 2169, 2022 U.S. Dist. LEXIS 151456, *19-20 (S.D.N.Y. Aug. 23, 2022;

c. Spin Master v. Aciper, No. 19-CV-6949, 2020 U.S. Dist. LEXIS 206278, *13-14 (S.D.N.Y. Nov. 4, 2020);

d. Nextec Applications v. Brookwood Cos., 703 F. Supp. 2d 390, 422 (S.D.N.Y. 2010);

4. the Middle District of Florida:

a. Xianfeng Wang v. P'ships, No. 8:23-cv-2787-VMC-AAS, 2024 U.S. Dist.

LEXIS 111767, at *5–7 (M.D. Fla. June 25, 2024);

5. the Central District of California:

   a. Xiangshan Zhang v. Vivosun Inc., No. ED CV22-01947 JAK (RAOx), 2023 U.S. Dist. LEXIS 157175, at *14 (C.D. Cal. July 10, 2023;

6. the District of Delaware:

   a. Leader Techs., Inc. v. Facebook, Inc., 770 F. Supp. 2d 686, 716 (D. Del. 2011

None of these 12 cases Cocktap cited has any reasonable connection to this case.

Second, Cocktap spends at least one page discussing whether it is a flight risk. This is not a criminal bond motion, and flight risk is irrelevant. Further, Cocktap is already operating solely in China and thus long "fled" the United States by its own definition. Such discussions as flight risk are irrelevant to the issues at hand and should be eliminated.

Third, Cocktap should be required to meet the same standard all other litigants are required to meet. Otherwise, other litigants are prejudiced.

Fourth, excessive page motions like the one Cocktap filed incite an arms race of who can jam more materials into a brief, relevant or not. Once Cocktap is allowed to start such a race, others will have to also file excess pages or risk suffering prejudice, which gives Cocktap another reason to file even more excess pages. It is a vicious loop.

Having shown no good cause, Defendant Cocktap should be ordered to refine its whopping 22-page opposition into concise arguments as the current rules require.

Date: September 16, 2026

Respectfully submitted,

/s/ Zheng “Andy” Liu
Zheng “Andy” Liu (CA- 279327)
***Aptum Law***
1660 S Amphlett Blvd Suite 315
San Mateo, CA 94402
Email: Andy.Liu@AptumLaw.us
Phone: 650-475-6289

*ATTORNEY FOR PLAINTIFF*