**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

FOSHAN HUAYUN TECHNOLOGY CO., LTD.,

Plaintiff, v.

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

Defendants.

________________________________________/

Civil Action No. 2:26-cv-01521-CCW
Judge Christy Criswell Wiegand

**DEFENDANT'S AMENDED OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND RESPONSE TO THE ORDER TO SHOW CAUSE**

Defendant ZumpSalny (Amazon ID: A3FUFX737U0NPH) hereby opposes conversion of the Temporary Restraining Order into a Preliminary Injunction and responds to the Court's order to show cause. ECF Nos. 16, 25, 30. The Court should deny a preliminary injunction as to ZumpSalny, dissolve or modify the TRO and asset restraint as to ZumpSalny, and decline to freeze a small seller on a design patent that combines published prior designs.

## I. Preliminary injunction standard

A preliminary injunction is extraordinary. Plaintiff must show (1) a reasonable probability of success on the merits, (2) irreparable harm, (3) that the balance of harms favors relief, and (4) that the public interest will not be harmed. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20

(2008). Likelihood of success includes the Court's power to act. If Plaintiff cannot establish personal jurisdiction, it cannot obtain a preliminary injunction. *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998). Design-patent validity is part of the merits. A substantial question of invalidity defeats likelihood of success. *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350–51 (Fed. Cir. 2001).

**II. The Court has not established personal jurisdiction over ZumpSalny**

Plaintiff sued a sealed Schedule A. Group allegations that "each Defendant" targeted Pennsylvania are not evidence as to ZumpSalny. Plaintiff bears the burden. *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129 (3d Cir. 2020). An interactive Amazon storefront viewable in Pittsburgh is not enough. Plaintiff must show "something more"—deliberate targeting of this forum. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003).

Plaintiff has not identified a Pennsylvania purchaser of this Defendant's accused trim, a shipment into this District, or Pennsylvania tax collected on the accused goods. Jurisdiction cannot be assumed because other sellers were listed on the same spreadsheet.

This Court has already held that Hague service rules apply to the foreign defendants in this case and denied email service without a diligence showing that addresses were unknown. ECF No. 13 (citing *SEC v. Lahr*, No. 22-2497, 2024 WL 3518309 (3d Cir. July 24, 2024)). Alternative process does not create personal jurisdiction. A PI against ZumpSalny before competent proof of forum contacts would invert the burden.

**C. The asserted design patent is subject to a substantial invalidity question.**

Plaintiff asserts U.S. Design Patent No. D1,057,101 S ("`101 Patent"), filed October 21, 2024 and issued January 7, 2025. The claimed design is a wall plate with three circular controls and a lower lever/handle. See below Figure 1 for `101 Patent.

U.S. Patent Jan. 7, 2025 Sheet 1 of 8 US D1,057,101 S



FIG. 1

**Figure 1: Screenshots of `101 Patent Designs (above)**

That overall appearance was already in the prior art (see Figure 2 below. A copy of each patent is attached as Exhibit A, B, C and D):

| Prior art | Date | What it shows |
|---|---|---|
| CN 304032638 S | App. May 20, 2016; issued Feb. 8, 2017 | Wall-mount bathtub/shower valve body: square plate, dual knobs, lower lever |
| CN 306922838 S / CN 306922841 S | App. June 1, 2021; issued Nov. 5, 2021 | Concealed thermostatic three-function valve; square plate, multiple circular controls |
| EU 006263299-0043 | EU design | Rectangular plate, three aligned circular buttons, bottom lever — the same visual arrangement |
| Amazon listings / reviews | Review dated **Jan. 15, 2021**; later listings | Square-knob / three-function shower trim sold in the United States years before the '101 filing |



**Figure 2: Designs of Prior Arts Listed Above**

Combining three known valve faces is not a patentable design. The ’101 Patent does not invent a new ornamental concept. At most it lines up elements already shown in the three earlier designs: a rectangular wall plate, a row of circular controls, and a rectangular lever or handle hanging below the plate.

That is the fact pattern the Supreme Court rejected in *Smith v. Whitman Saddle Co*., 148 U.S. 674 (1893). Whitman had taken the front (pommel) of one existing saddle and the rear (cantle) of another, put them on one tree, and claimed the combination as a new design patent. The Court held that was not invention:

> A person cannot pick up an old saddle, or the drawings of an old saddle, and, by adding thereto a well-known pommel, or a well-known cantle, produce a new design within the meaning of the law. … The combination of old elements, each performing the same function as before, and producing no new result, is not patentable.

Id. at 680–81. The claimed saddle was “nothing more than the result of the skill of the workman” in assembling known parts. *Id*. at 681.

The same logic applies here. CN 304032638 S already showed the square plate plus lower lever. The 2021 CN 306922838 S / 306922841 S patents already showed the concealed plate with multiple circular function buttons. EU 006263299-0043 already showed three aligned circles over a bottom handle on a flat rectangle. Taking the plate and lever of one registration and the three-button row of another, and calling the assembly a new shower-valve design, is *Whitman Saddle*: front of one, rear of another. It is not a patentable ornamental invention.

Later design-patent law did not repeal that principle. Validity is still judged by the ordinary observer in light of the prior art. *Egyptian Goddess, Inc. v. Swisa, Inc*., 543 F.3d 665,

678 (Fed. Cir. 2008) (en banc). Where the prior art already contains the same overall visual impression—plate, three rounds, bottom handle—an ordinary purchaser of a shower trim would not find the ’101 drawings to be a new design. Combining known faces does not become original because the applicant filed in 2024.

Another co-defendant, Woindo’s Amazon listing with verified U.S. review confirm that it had sold the shower valve with such design in the United States years before the October 21, 2024 filing. See Figure 3 below, available at https://www.amazon.com/ZumpSalny-Rainfall-Multi-function-Handheld-Diverter/dp/B0D5XXTP27/?th=1, last listed on Sept. 1, 2026. That is additional evidence that the combination was old, not that it was invented by Foshan Huayun.



**Figure 3: Woindo’s Product on Amazon (left)**

dontaj47

★★★★★ **a luxurious shower experience**

Reviewed in the United States on August 26, 2024

Color: Matte Black | Style: 12"-Ceiling-01 | **Amazon Vine Customer Review of Free Product** ( What's this? )

The matte black finish of this shower faucet set is both modern and sleek, adding a touch of sophistication to any bathroom. The minimalist design of the 12" ceiling mount rainfall shower head, coupled with the dual rain shower heads and multi-function handheld head, creates a cohesive and stylish look. The black finish complements various bathroom decors and provides a dramatic contrast to lighter-colored tiles and fixtures.
The 12" ceiling mount rainfall shower head offers a wide, even flow of water that mimics the sensation of standing in a gentle rain. The large size ensures full coverage, providing a relaxing and immersive shower experience. The secondary rain shower heads add versatility, allowing you to customize the water flow and coverage according to your preferences.
The multi-function handheld shower head is a valuable addition. It features a push-button diverter that allows you to switch easily between the ceiling mount and handheld functions. The handheld head provides flexibility for targeted rinsing, cleaning, and washing, making it ideal for families and individuals alike.
The push-button diverter is user-friendly and allows for smooth transitions between the different shower heads. It is straightforward to operate, minimizing the hassle of adjusting water flow and temperature
The shower system is designed for ceiling mount installation, which can be a bit more complex compared to wall-mounted setups. Professional installation is recommended to ensure that the system is correctly aligned and securely mounted. The build quality is solid, with durable materials that resist corrosion and wear over time. The matte black finish is designed to be easy to clean and maintain, though it may show water spots or fingerprints that require occasional wiping
The 12" rainfall shower head offers a soothing and enveloping experience, perfect for relaxing showers. The additional rain shower heads provide extra coverage and options for different showering preferences. The handheld shower head enhances convenience, especially for tasks like rinsing off shampoo or cleaning the shower area. The push-button diverter is intuitive and allows for seamless switching between different water sources



**Figure 4: Woindo's Customer Review Before `101 Patent Was Filed[1]**

The same or substantially similar products were on sale prior to Plaintiff's filing of the `101 Patent. For example, Amazon seller VANFOXLE sold the following shower product with customer review as early as August 2, 2024. See Figure 5 for the product and Figure 6 for the customer review below.

[1] Available at https://www.amazon.com/portal/customer-reviews/B0D5XXTP27/ref=cm_cr_arp_d_viewopt_kywd?_encoding=UTF8&ie=UTF8&reviewerType=all_reviews&filterByKeyword=luxurious, last visited on Sept. 17, 2026.



**Figure 5: VANFOXLE's Product in the Customer Review**

Mini Maker

★★★★★ **Heaven right in your shower!**

Reviewed in the United States on August 2, 2024

Color: Matte Black | Size: 10 Inch | Verified Purchase




The water pressure is amazing and the size of the shower heads make you feel like you're in a warm rain. I also like the shape of the hand-held spray - perfect for washing my dog.

3 people found this helpful

Helpful | Report

**Figure 6 : Customer Review Dated Aug. 2, 2024**

The product VANFOXLE sold is identical to what Defendant sold, identical or substantially similar to the design of `101 Patent.[2] See Figure 7 below.




**Figure 7: VAFOXLE's Product (left)**

**B. The claimed design is dictated by function and is not ornamental**

A design patent protects only the ornamental appearance of an article of manufacture. 35 U.S.C. § 171(a). A design that is dictated by the article's function is not ornamental and is invalid. *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1123 (Fed. Cir. 1993); *Best Lock Corp. v. Ilco Unican Corp.*, 94 F.3d 1563, 1566 (Fed. Cir. 1996). The question is whether the

[2] Available at https://www.amazon.com/VANFOXLE-Shower-Diverter-Handheld-Ceiling/dp/B0CXHNRTKC/ref=cm_cr_arp_d_product_top?ie=UTF8&th=1, last visited Sept. 21, 2026

overall appearance is driven by use, not whether some trivial surface treatment remains. *Sport Dimension, Inc. v. Coleman Co.*, 820 F.3d 1316, 1320–22 (Fed. Cir. 2016). Even if the patent is assumed valid, purely functional elements are discounted in the ordinary-observer comparison. *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293–94 (Fed. Cir. 2010).

The ’101 Patent claims a “shower valve.” Every major element of the drawings exists to move, mix, divert, or mount water—not to create a decorative look.



The side ports are hot- and cold-water inlets. Figures 1, 2, 5, and 6 show two large circular openings on the side of the valve body. Those openings are the hot-water and cold-water supply connections. Their size, placement, and circular shape are dictated by standard plumbing fittings. An ordinary shower valve must accept two supply lines. Plaintiff did not invent two holes on the side of a mixing body; that is how a thermostatic or pressure-balance valve is piped.

The remaining rear and side openings are outlets and mounting points. The additional circular ports on the valve body are outlets to the shower head, hand shower, or tub spout. The four corner slots on the back plate in Figure 4 are screw holes for securing the rough-in body to the wall. Those features exist so the unit can be plumbed and fastened. They are not ornament.

The front handle turns the water on and off and sets volume or temperature. Figure 3 shows a rectangular lever hanging below the plate. That is the operating handle. Its job is to rotate the cartridge to start, stop, and regulate flow. A lever of that size and position is there so a wet hand can grab it. The rectangular block shape follows the stem and cartridge, not an independent decorative idea.

The three circular controls on the face are function selectors. Figure 3 places three rounds in a triangular cluster on the plate. On this class of product those controls are push-button or rotary diverters: rain head, hand shower, and tub or a third outlet. They sit on the face because the user must reach them while standing in the shower. Their circular form follows standard button/cartridge geometry. Aligning three diverter buttons on a rectangular trim plate is how a three-function valve is used. It is not a new ornamental concept.

The plate itself is a cover for a rough-in box. A flat rectangular wall plate exists to hide the valve body and present the controls at the finished wall. Its outline is sized to the body behind it. Broken lines in the patent already exclude portions of the article; what remains is still the functional trim of a mixing valve.

Taken together, the claimed appearance is the necessary layout of a concealed shower

valve: two supply ports on the side, outlets and mounting holes on the body, a lever to open the water, and circular selectors on the face for the spray functions. An alternative design that omitted those elements would not work as a shower valve. That is the definition of a design dictated by function. *Best Lock*, 94 F.3d at 1566.

Because the overall design is functional, Plaintiff has not shown a reasonable probability of success on a valid ornamental claim. The same functionality independently defeats infringement: an ordinary observer, focusing on the remaining ornamental aspects—if any—would not be deceived by another three-function trim that also has a plate, three round selectors, and a bottom handle. *Richardson*, 597 F.3d at 1293–94; *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008) (en banc).

This functionality argument works together with the prior-art combination argument. CN 304032638 S, CN 306922838 S / CN 306922841 S, and EU 006263299-0043 already used the same functional layout. The ’101 drawings do not add ornament on top of that layout; they recast the same working parts.

**C. The ordinary observer, viewing the prior art, would not see a new design.**

Validity is judged by the ordinary observer in light of the prior art. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008) (en banc). Where the prior art already contains the same visual impression—plate, circular controls, bottom handle—an ordinary bathroom purchaser would not regard the ’101 drawings as a new design. 35 U.S.C. § 171; § 102 (on-sale / public-use / printed publication).

Woindo’s August 26, 2024, and VANFOXLE’s August 2, 2024 verified U.S. reviews both

predate the October 21, 2024 filing. A design that was already being sold and reviewed in the United States is not original to Plaintiff's October 2024 application.

Plaintiff therefore has not shown a reasonable probability of success on validity or infringement. A PI cannot rest on a combination patent of this kind.

**IV. No irreparable harm as to ZumpSalny**

Design-patent injury is not presumed in a way that skips proof as to this defendant. Plaintiff waited until 2026 to sue on a January 2025 patent covering a look that has been on Amazon and in foreign design offices for years. That delay, plus the prior art, undercuts any claim that only an immediate freeze of ZumpSalny will prevent irreparable loss. Money damages and an accounting, if Plaintiff ever proves a valid and infringed claim, are adequate. A Schedule A asset freeze is not a substitute for that showing.

**V. Balance of harms and public interest**

A continuing freeze of a small seller's storefront and accounts, on two days' notice to appear in Pittsburgh, is the greater harm. The public interest favors competition in commodity shower trim and disfavors enforcing a design patent that merely restacks published plates and buttons. Whitman Saddle exists so that old combinations are not used to clear a marketplace.

**VI. Conclusion**

ZumpSalny respectfully requests that the Court:

1. Deny a preliminary injunction as to ZumpSalny (Amazon ID A3FUFX737U0NPH);

2. Dissolve or modify the TRO and any asset or storefront restraint as to ZumpSalny;

3. Decline to treat Schedule A group pleading as proof of jurisdiction or infringement by this

Defendant; and

4. Grant such other relief as is just.

Dated: September 21, 2026

Respectfully submitted,

s/ Jianyin Liu

Jianyin Liu
Florida Bar No. 1007675
The Law Offices of James Liu PLLC
9000 SW 157th St
Palmetto Bay, FL 33157
Telephone: (305) 209-6188
Email: jamesliulaw@gmail.com
Counsel for Defendant
ZumpSalny (Pro Hac Vice)

**CERTIFICATE OF SERVICE**

I certify that this document has been served on all parties of record via CM/ECF on September 21, 2026.

s/ Jianyin Liu