**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Foshan Huayan Tech. Co., Ltd., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:26-cv-01521-CCW |
| v. | ) | |
| | ) | Hon. Christy Criswell Wiegand |
| Schedule A Defendants, | ) | |
| | ) | |
| Defendants. | ) | |

**Defendants' Response in Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction**

**NOW COME** defendants Holispa, HomGoo Shower, MWLY, and Raycharm (hereinafter "Defendants"), by and through their undersigned counsel, and in opposition to Plaintiff's motion for entry of a preliminary injunction [Dkt. 47] state as follows:

## I. Introduction

Plaintiff filed its Complaint on July 17, 2026, alleging that Defendants committed design patent infringement of U.S. Patent No. D1,057,101 (the "'101 Patent"). [Dkt. 1]. On July 31, 2026, Plaintiff filed a motion for entry of a temporary restraining order, [Dkt. 16], which this Court granted on August 21, 2026. [Dkt. 25]. Plaintiff filed its motion for entry of a preliminary injunction on September 15, 2026, [Dkt. 47], however as will be shown below, a preliminary injunction should not be entered because Defendants have presented evidence plainly showing that the '101 Patent is vulnerable to being invalidated. Plaintiff thus does does not have a reasonable likelihood of success on the merits of its claims, and a preliminary injunction should be denied for Defendants for that reason alone. QVC Inc. v. Your Vitamins Inc., 439 F. App'x 165, 169 (3d Cir. 2011) (affirming District Court's denial of preliminary injunction because Plaintiff "not shown on the record at the time that it was reasonably likely to prevail on the merits of this action and therefore that it was not entitled to a preliminary injunction."); Parks, LLC v. Tyson Foods, Inc., 2015 WL 4545408 at *16

(E.D. Pa. July 28, 2015) ("Since Plaintiff has failed to demonstrate a reasonable likelihood of succeeding on the merits of its false advertising claim, the Court need not address the question of whether Plaintiff could satisfy the other requirements necessary to support the entry of a preliminary injunction to conclude that this is not an appropriate circumstance for such relief."); Ferring Pharms., Inc. v. Watson Pharms., Inc., 765 F.3d 205, 210 (3d Cir. 2014) ("The failure to establish any element renders a preliminary injunction inappropriate.").

## II. Argument

### a. Legal Standard

Preliminary injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances." Ferring Pharms., 765 F.3d at 210. For patent infringement claims, like those present in the current case, "the Court must apply the preliminary injunction standards set forth by the United States Supreme Court and the United States Court of Appeals for the Federal Circuit." LKRB Indus., LLC v. xuzhouaiyaxundianzishangwuyouxiangongsi, 2025 WL 531845 at *2 (W.D. Pa. Feb. 18, 2025). The Court of Appeals for the Federal Circuit has noted that "the standards applied to the grant of preliminary injunctions are the same in patent cases as in other areas of the law." High Tech Medical Instrumentation, Inc. v. New Image Indus., Inc., 49 F.3d 1551, 1554 (Fed.Cir.1995). Thus, a party seeking a preliminary injunction must demonstrate: (1) a reasonable likelihood of success on the merits; (2) irreparable harm if the injunction is not issued; (3) a balance of hardships in favor of the moving party; and (4) that the public interest favors the issuance of the preliminary injunction. *See*, Amazon.com, Inc. v. Barnesandnoble.com, Inc., 239 F.3d 1343, 1350 (Fed.Cir.2001); Ferring Pharms. ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."). "The failure to establish any element renders a preliminary injunction inappropriate." Id.

Plaintiff, as the movant, bears the burden of showing that these four factors weigh in favor of granting the injunction. Id.

**b. Plaintiff cannot show a reasonable likelihood of success on the merits because the '101 Patent is vulnerable to being invalidated.**

Although a patent is presumed valid under federal law, that presumption "does not relieve a patentee who moves for a preliminary injunction from carrying the normal burden of demonstrating that it will likely succeed on all disputed liability issues at trial, even when the issue concerns the patent's validity." Sprinturf, Inc. v. Sw. Recreational Indus., Inc., 277 F. Supp. 2d 508, 513 (E.D. Pa. 2003). Following, "[t]o establish a likelihood of success on the merits, a patentee must show that it will likely prove infringement of the asserted claims and that its infringement claim will likely withstand the alleged infringer's challenges to patent validity and enforceability." Mylan Institutional LLC v. Aurobindo Pharma Ltd., 857 F.3d 858, 866 (Fed. Cir. 2017); Ranbaxy Pharm., Inc. v. Apotex, Inc., 350 F.3d 1235, 1239 (Fed.Cir.2003). Critically, "[i]f the alleged infringer raises a substantial question of invalidity, the preliminary injunction should not issue." Altana Pharma AG v. Teva Pharms. USA, Inc., 566 F.3d 999, 1005-06 (Fed. Cir. 2009); Helifix Ltd. v. Blok-Lok, Ltd., 208 F.3d 1339, 1351 (Fed. Cir. 2000) ("If the alleged infringer raises a substantial question concerning validity, i.e., asserts an invalidity defense that the patentee cannot prove 'lacks substantial merit,' the preliminary injunction should not issue."). To meet this burden, the alleged infringer must only show that the asserted patent is "vulnerable" to being invalidated, which requires less proof than the clear and convincing showing necessary to establish invalidity at trial. Id. at 1006; Novo Nordisk A/S v. Bio-Tech. Gen. Corp., 52 F. App'x 142, 146 (Fed. Cir. 2002) ("In resisting a preliminary injunction, one need not make out a case of actual invalidity. Vulnerability is the issue at the preliminary injunction stage, while validity is the issue at trial. The showing of a substantial question as to invalidity thus requires less proof than the clear and convincing showing necessary to establish

invalidity itself."); Amazon.com, Inc. v. Barnesandnoble.com, Inc., 239 F.3d 1343, 1362 (Fed. Cir. 2001) ("[Patent] validity challenges during preliminary injunction proceedings can be successful on evidence that would not suffice to support a judgment of invalidity at trial."). If the alleged infringer shows that the patent is "vulnerable" to being invalidated, the burden shifts to back to the patentee to show that the defense "lacks substantial merit" and, if the trial court finds that the patentee cannot show an invalidity defense lacks substantial merit, "it necessarily follows that the patentee has not succeeded in showing it is likely to succeed at trial on the merits of the validity issue" and the preliminary injunction should not issue. Low Temp Indus., Inc. v. Duke Mfg. Co., 2021 WL 6124455 at *4 (Fed. Cir. Dec. 28, 2021).

As an initial matter, the Court should determine what is actually claimed in the '101 Patent. "Design patents have almost no scope. The claim at bar, as in all design cases, is limited to what is shown in the application drawings." In re Mann, 861 F.3d 1581, 1582 (Fed. Cir. 1988). Here, the only design claimed in Plaintiff's Patent is the design which is depicted in the figures using solid black lines. *See*, In re Maatita, 900 F.3d 1369, 1372 (Fed. Cir. 2018) (in a design patent, "the solid lines...show the claimed design, whereas the broken lines show structure that is not part of the claimed design"); 37 C.F.R. § 1.152 (design patent drawing regulations setting forth the same); Door-Master Corp. v. Yorktowne, Inc., 256 F.3d 1308, 1313 (Fed. Cir. 2001) (noting that door pull depicted in broken lines was for illustrative purposes only and formed no part of the claimed design). Following, the '101 Patent only claims the specific, narrowly-drawn design shown in solid lines in the patent drawings, which depict a very simple design with minimal ornamentation aside from the functional features necessary for the claimed shower handle to function as intended.

Defendants have identified numerous pieces of prior art which raise substantial questions regarding the validity of the '101 Patent and make the '101 Patent vulnerable to being invalidated as anticipated. A patent claim is invalid as anticipated if "the invention was patented, described in a

printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of a claimed invention." 35 U.S.C. § 102. In International Seaway Trading Corp. v. Walgreens Corp., 589 F.3d 1233, 1239-40 (Fed. Cir. 2009), the Federal Circuit held that the ordinary observer test, the test used for infringement, is "the sole test for anticipation." Id. The ordinary observer test calls for a determination to be made of whether, "in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other". Gorham Mfg. Co. v. White, 81 U.S. 511, 528 (1871); In re Samuels, 2024 WL 960931 at *1 (Fed. Cir. Mar. 6, 2024). A claim for anticipation requires that each and every claimed is found, either expressly or inherently, in a single prior art reference. Arbutus Biopharma Corp. v. ModernaTX, Inc., 65 F.4th 656, 662 (Fed. Cir. 2023).

Here, the design claimed in the '101 Patent is anticipated because a design that was substantially similar to the design claimed in the '101 Patent was on sale and available to the public prior to the '101 Patent's effective filing date of October 21, 2024. In particular, Defendants have presented the following evidence that Reference 1, the Vanfoxle Shower Faucet, was on sale and publicly available prior to the '101 Patent's effective filing date of October 21, 2024.

1. A true and correct copy of the Vanfoxle Shower Faucet Home Depot Listing 1[1] accessed September 23, 2026, is attached hereto as **Exhibit 1**.
2. A true and correct copy of the Vanfoxle Shower Faucet Home Depot Listing 2[2] accessed September 23, 2026, is attached hereto as **Exhibit 2**.

---

[1] https://www.homedepot.com/p/Vanfoxle-Luxury-Rainfall-Single-Handle-2-Spray-Shower-Faucet-1-8-GPM-with-Push-Button-Diverter-and-4Body-Jets-in-Brushed-Nickel-1913A3C-0202-BN/329634161 (accessed 09/23/26)

[2] https://www.homedepot.com/p/Vanfoxle-Luxury-Single-Handle-2-Spray-Shower-Faucet-1-8-GPM-with-High-Pressure-Rainfall-and-Push-Button-Diverter-in-Matte-Black-19A3-0202B/330125643(accessed 09/23/26)

**3.** A true and correct copy of the Vanfoxle Shower Faucet Amazon Listing[3] accessed September 23, 2026, is attached hereto as **Exhibit 3**.

**4.** A true and correct copy for the youtube.com webpage for the Vanfoxle Shower Faucet[4] accessed September 23, 2026, is attached hereto as **Exhibit** 4.

**5.** A true and correct copy of the installation manual which was accessed by clicking on the "Instructions / Assembly hyperlink included in the Vanfoxle Shower Faucet Home Depot Listing 2[5] is attached hereto as **Exhibit 5**.

Moreover, the evidence shows that each of the listings shown in Exhibits 1-4 were on sale and/or publicly available prior to the '101 Patent's effective filing date. For example, as shown in Exhibit 1, a user left a review for the Vanfoxle Shower Faucet purchased from the Home Depot Listing 1 on August 29, 2024, which is prior to the '101 Patent's effective filing date of October 21, 2024. **Exhibit 1**. Moreover, as shown in **Exhibit 2**, a user left a review for the Vanfoxle Shower Faucet purchased from the Home Depot Listing 2 on September 16, 2024, which is prior to the '101 Patent's effective filing date of October 21, 2024. **Exhibit 2**. Still further, user reviews for the Vanfoxle Shower Faucet Amazon Listing were made as early as February 10, 2022, and a true and correct copy of the webpage showing such user reviews[6] is attached hereto as **Exhibit 6**. Lastly, the upload date for the youtube.com webpage for the Vanfoxle Shower Faucet is shown as August 22, 2024, which is prior to the '101 Patent's effective filing date of October 21, 2024. **Exhibit 4**; *See,* Woodall v. Walt Disney Co., 2024 WL 5337348 at *4 (C.D. Cal. Nov. 1, 2024) (taking judicial notice

---

[3] https://www.amazon.com/VANFOXLE-Shower-Diverter-Handheld-Ceiling/dp/B0CXHNRTKC/ref=cm_cr_arp_d_product_top?ie=UTF8&th=1 (accessed 09/23/26)
[4] https://www.youtube.com/watch?v=C4YZ5yQF8_k (accessed 09/23/26)
[5] https://images.thdstatic.com/catalog/pdfImages/c3/c3bf34117b594881af64b84ed29b6af7.pdf (accessed 09/23/26)
[6] https://www.amazon.com/portal/customer-reviews/B0CXHNRTKC/ref=cm_cr_arp_d_viewopt_mdrvw?_encoding=UTF8&ie=UTF8&reviewerType=all_reviews&sortBy=recent&mediaType=media_reviews_only (accessed 09/23/26)

of the existence of YouTube video as evidence of what was available to the public at the time of the upload date); Novation Sols., Inc. v. Issuance Inc., 2023 WL 6373871 at *14 (C.D. Cal. Aug. 16, 2023).

Moreover, as shown in **Exhibit 7**, the Vanfoxle Shower Faucet shown in **Exhibits 1-5** has a design that is identical or substantially identical to the design claimed in the '101 Patent. High Point Design LLC v. Buyers Direct, Inc., 730 F.3d 1301, 1314 (Fed. Cir. 2013) (When a party challenges the validity of a design patent based on prior art, "the district court should do a side-by-side comparison of the two designs to determine if they create the same visual impression."). As shown in the Figure 1 and 3 comparisons in **Exhibit 7**, the Vanfoxle product includes a flat rectangular face with three circular buttons arranged in a triangular pattern protruding from it and a rectangular handle extending downward. The Vanfoxle product includes a raised square at the base of the handle and the rectangular handle includes the same slanted top as the handle in the claimed design. As shown in the Figure 1, 2, 4, 5, 6, 7, and 8 comparisons in **Exhibit 7**, the Vanfoxle product includes a valve assembly with the exact same design as that claimed in the '101 Patent. As shown in the Figure 4 comparison, the back of the Vanfoxle valve assembly is rectangular and flat and includes a rounded protrusion at each corner with an ovular hole in each protrusion. Id. As shown in the Figure 2, 5, and 6 comparisons in **Exhibit 7**, each side of the Vanfoxle valve assembly includes two circular holes and the front of the valve assembly (closest to the handle and flat rectangular face) has lined indents just like the claimed design. Id. As shown in the Figure 1 and 8 comparisons in **Exhibit 7**, the top of the Vanfoxle valve assembly includes a singular hole and rounded edges just like the claimed design. Id. Lastly, as shown in the Figure 2 and 8 comparisons in **Exhibit 7**, the bottom of the Vanfoxle valve assembly includes a circular indent and rounded edges just like the claimed design. Id. Accordingly, the comparison in **Exhibit 7** makes clear that the Vanfoxle Shower Faucet discloses every feature with an identical design as the design claimed in the

'101 Patent and there can be no reasonable argument that the Vanfoxle Shower Faucet doesn't disclose a design that is identical to, or at the very least substantially the same, as the design claimed in the '101 Patent. Moreover, while none can be discerned by Defendant, to the extent Plaintiff argues that there are some minor or trivial differences between the claimed design and the design of the Vanfoxle Shower Faucet, those minor differences would not prevent the finding of anticipation. Intl. Seaway Trading Corp. v. Walgreens Corp., 589 F.3d 1233, 1243 (Fed. Cir. 2009) ("Just as "minor differences between a patented design and an accused article's design cannot, and shall not, prevent a finding of infringement, so too minor differences cannot prevent a finding of anticipation.") (internal citations omitted). Accordingly, because Defendant has presented evidence showing that the Vanfoxle Shower Faucet, which has a design identical or substantially the same as that claimed in the '101 Patent, was on sale and publicly available prior to the '101 Patent's effective filing date of October 21, 2024, the '101 Patent is invalid as anticipated, or, at the very least vulnerable to being invalidated as anticipated by the Vanfoxle Shower Faucet. Plaintiff has not met its burden of showing a likelihood of success on the merits and Plaintiff's request for entry of a preliminary injunction should be denied in its entirety. Low Temp Industries, 2021 WL 6124455 at *4 ("If the trial court concludes there is a 'substantial question' concerning the validity of the patent, meaning that the alleged infringer has presented an invalidity defense that the patentee has not shown lacks substantial merit, it necessarily follows that the patentee has not succeeded in showing it is likely to succeed at trial on the merits of the validity issue" and the preliminary injunction should not issue.).

## III. Conclusion

With the benefit of adversary briefing, the Court can now see that the '101 Patent is vulnerable to being invalidated, thus Plaintiff cannot meet their burden of showing that they are likely to succeed on the merits and their motion for entry of a preliminary injunction should be

denied in its entirety.

Dated: September 23, 2026

Respectfully submitted,

/s/Adam E. Urbanczyk
By: Adam E. Urbanczyk
AU LLC
444 W. Lake St. 17th Floor
Chicago, IL 60606
(312) 715-7312
adamu@au-llc.com
DC 1005729
*Counsel for Defendants*
*Pro Hac Vice*