IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FOSHAN HUAYUN TECHNOLOGY CO., LTD.,

Plaintiff,

v.

SCHEDULE A DEFENDANTS,

Defendants.

Civil Case No.: 2:26-cv-01521-CCW

**PATENT OWNER'S REPLY TO HOLISPA-DEFENDANTS' OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**

## A. INTRODUCTION

| Holispa-Defendants' Exhibits | Reasons Why It Is Not Prior Art |
|---|---|
| Exhibits 1-3 and 5 | Inventor's own disclosure less than one year before the patent-in-suit's filing date under 35 U.S.C. § 102(b)(1)(A). |
| Exhibits 4 and 6 | Products with different designs. |

The Opposition (Dkt. 79) by Defendants Holispa, Homgoo Shower, Mwly, and Raycharm (collectively, "Holispa-Defendants") misses the mark: (A) it fails to account for the statutory disqualification of the inventor's own disclosure as prior art, and (B) it has low credibility for making misleading representations. To the latter point, for one example, Holispa-Defendants represent that their Exhibit 6 invalidates the patent-in-suit, because it shows a user review dated as early as February 10, 2022; the photo included in

the user review, however, shows a completely different product from Plaintiff's patented design. When those different products were publicly available has nothing to do with Plaintiff's patented design.

In sum, citing either the inventor's own disclosure or different products, Holispa-Defendants have failed to rebut the statutory presumption that the patent-in-suit is valid by clear and convincing evidence.

### B. THE *CORRECT* LEGAL STANDARD

#### I. In The Context Of Preliminary Injunction, A Patent Is Still Statutorily Presumed Valid Unless Proven Otherwise By Clear And Convincing Evidence.

As required by 35 U.S.C. § 282, "[d]esign patents are presumed valid and, thus, a moving party seeking to invalidate a design patent … must submit such clear and convincing evidence of facts underlying invalidity that no reasonable jury could find otherwise." *Spigen Korea Co. v. Ultraproof, Inc.*, 955 F.3d 1379, 1383 (Fed. Cir. 2020).

"*The correct standard for granting a preliminary injunction is* not whether a substantial question has been raised, but *whether the patentee is likely to succeed on the merits, upon application of the standards of proof that will prevail at trial*. The question is not whether the patent is vulnerable; *the question is who is likely to prevail in the end*, considered with equitable factors that relate to whether the status quo should or should not be preserved while the trial is ongoing." *Abbott Labs. v. Sandoz, Inc.*, 544 F.3d 1341, 1364 (Fed. Cir. 2008) (emphasis added).

"Precedent is clear that the standard is the likelihood of success of the plaintiff at trial, *with recognition of the presumptions and burdens." Id.* (citing *Gillette Co. v. Energizer Holdings, Inc.*, 405 F.3d 1367, 1370 (Fed. Cir. 2005); *Ranbaxy Pharms., Inc. v. Apotex, Inc*., 350 F.3d 1235, 1239 (Fed. Cir. 2003); *Reebok Int'l Ltd. v. J. Baker, Inc*., 32 F.3d 1552, 1555 (Fed. Cir. 1994); *Smith Int'l, Inc. v. Hughes Tool Co.*, 718 F.2d 1573, 1579 (Fed. Cir. 1983)).

**II. Inventor's Own Disclosure Less Than One Year Before A Patent's Filing Date Is Not Prior Art.**

35 U.S.C. § 102, entitled "Conditions for patentability; novelty," in pertinent part, prescribes as follows:

> (b) Exceptions.—
> (1) Disclosures made 1 year or less before the effective filing date of the claimed invention.—***A disclosure made 1 year or less before the effective filing date of a claimed invention shall not be prior art*** to the claimed invention under subsection (a)(1) if—
> (A) ***the disclosure was made by the inventor*** or joint inventor or ***by another who obtained the subject matter disclosed directly or indirectly from the inventor*** or a joint inventor; *or*
> (B) the subject matter disclosed had, before such disclosure, been publicly disclosed by the inventor or a joint inventor or another who obtained the subject matter disclosed directly or indirectly from the inventor or a joint inventor.

In addition to an inventor's own disclosure (35 U.S.C. § 102(b)(1)(A)), any intervening disclosure (35 U.S.C. § 102(b)(1)(B)) after the inventor's own disclosure but still less than one year before a patent's filing date is also not prior art. *NCS Multistage Inc. v. Nine Energy Serv., Inc.*, No. 2025-1000, 2026 LX 590328 (Fed. Cir. Sept. 14, 2026).

///

## C. DISCUSSION

### I. Holispa-Defendants Misstate The Legal Standard.

Unfairly shifting the burden of proof to Plaintiff Patent Owner, Holispa-Defendants argue that the "vulnerability" standard applies. (Opp. at 5.) This is simply the wrong law.

The Federal Circuit has expressly held that "vulnerability" is not the standard, but that the statutory presumption of patent validity must be applied at the preliminary injunction stage. "The question is not whether the patent is vulnerable; *the question is who is likely to prevail in the end*, considered with equitable factors that relate to whether the status quo should or should not be preserved while the trial is ongoing,"—"with *recognition of the presumptions and burdens." Abbott Labs.*, 544 F.3d at 1364.

Here, the Court should disregard the wrong standard argued by Holispa-Defendants, and should instead presume that the patent-in-suit is valid (as required by 35 U.S.C. § 282), unless Holispa-Defendants can prove patent invalidity by clear and convincing evidence.

### II. Holispa-Defendants Fail To Rebut The Statutory Presumption Of Patent Validity By Clear And Convincing Evidence.

"Design patents are presumed valid and, thus, a moving party seeking to invalidate a design patent … must submit such clear and convincing evidence of facts underlying invalidity that no reasonable jury could find otherwise." *Spigen Korea Co. v. Ultraproof, Inc.*, 955 F.3d 1379, 1383 (Fed. Cir. 2020).

Here, Holispa-Defendants attempt to rebut the patent-in-suit's statutory presumption of validity by arguing that the patent is invalid for allegedly being anticipated by six references (Dkt. 79-1 to 79-6).

**a. Holispa-Defendants' Exhibits 1-3 and 5 are not prior art because they are disclosures obtained from Inventor Deng.**

Holispa-Defendants' anticipation argument is unavailing, because it fails to account for the statutory disqualification of public disclosure by an inventor less than one year before a patent's filing date as prior art under 35 U.S.C. § 102(b)(1)(A).

First, it is beyond dispute that Exhibits 1-3 and 5 do not show any disclosure more than one year before the patent-in-suit's filing date.

| Holispa-Defendants' Exhibits | Date of the disclosure purportedly shown in the Exhibit. | More than one year before the patent's filing date October 21, 2024? |
|---|---|---|
| Exhibit 1 | August 29, 2024 | No. |
| Exhibit 2 | September 16, 2024 | No. |
| Exhibit 3 | November 25, 2025 | No. |
| Exhibit 5 | No date shown at all | No. |

Second, Holispa-Defendants' Exhibits 1-3 and 5 are disqualified as prior art against the patent-in-suit because they were derived from the disclosure by Inventor Yunshi Deng, directly or indirectly.

Namely, Holispa-Defendants' Exhibits 1-3 show shower valve products sold under the "Vanfoxle" brand, and Exhibit 5 shows that the "Vanfoxle" brand is manufactured by an entity called "Jiangmen Haiyi Sanitary Ware Co., Ltd." ("Jiangmen Haiyi").

But the Jiangmen Haiyi entity is operated and controlled by Mr. Kaihua Wang. (Declaration of Yunshi Deng ("Deng Decl.") ¶ 5; Declaration of Kaihua Wang ("Wang Decl.") ¶ 2.) Jiangmen Haiyi's business license shows Mr. Wang as the sole legal representative (equivalent to a corporation's CEO). (Declaration of Oscar Lam ("Lam Decl.") ¶ 4, Ex. A.) Mr. Wang and Inventor Deng are husband and wife. (Lam Decl. ¶ 5, Ex. B (marriage certificates reflecting the registration of Mr. Wang and Inventor Deng's marriage on March 17, 2022); Deng Decl. ¶ 4; Wang Decl. ¶ 3.)

In 2024, after conceiving the patented design, Inventor Deng told her husband Mr. Wang about the patented design before applying for a patent. (Deng Decl. ¶ 6; Wang Decl. ¶ 4.) Mr. Wang then had Jiangmen Haiyi manufacture products embodying Inventor Deng's patented design and sold those products on Amazon.com under the "Vanfoxle" brand; the "Vanfoxle" brand was and still is owned by Jiangmen Haiyi (as shown in Holispa-Defendants' Exhibit 5, Dkt. 79-5). (Wang Decl. ¶¶ 5–7.)

In sum, Holispa-Defendants' Exhibits 1-3 and 5 are disqualified as prior art under 35 U.S.C. § 102(b)(1)(A) because they are disclosures made (1) less than one year before the filing date of the patent-in-suit and (2) by Mr. Wang, "who obtained the subject matter disclosed directly or indirectly from" Inventor Deng.

**b. Holispa-Defendants' Exhibits 4 and 6 do not anticipate Plaintiff's patented design.**

A patent is invalid for anticipation if a single prior art reference discloses *each and every limitation* of the claimed invention. *Schering Corp. v. Geneva Pharms., Inc.*, 339 F.3d

1373, 1377 (Fed. Cir. 2003) (emphasis added).

Here, Holispa-Defendants' Exhibits 4 and 6 do not show "each and every limitation" of Plaintiff's patented design—e.g., the three triangularly arranged buttons of Plaintiff's patented design.

The "Vanfoxle" brand has sold different models of shower valves. (Wang Decl. ¶ 8.) The Vanfoxle product shown in Holispa-Defendants' Exhibit 4 differs from Plaintiff's patented design. (Wang Decl. ¶ 9.) For example, the Vanfoxle product shown in Holispa-Defendants' Exhibit 4 has a single button on its front panel, whereas Plaintiff's patented design has three buttons on the front panel. (Wang Decl. ¶ 9.)

| | |
|---|---|
|  |  |
| ***Holispa-Defendants' Exhibit 4*** | ***Plaintiff's patented design*** |

///

///

Likewise, the Vanfoxle product shown in Holispa-Defendants' Exhibit 6 differs from Plaintiff's patented design. (Wang Decl. ¶ 10.) For example, the Vanfoxle product shown in Holispa-Defendants' Exhibit 6 also has a single button on its front panel, whereas Plaintiff's patented design has three buttons on the front panel. (Wang Decl. ¶ 10.) Indeed, the designs of the Vanfoxle products shown in Holispa-Defendants' Exhibits 4 and 6 are similar, because both have a single button on their front panel. (Wang Decl. ¶ 11.)

| | |
|---|---|
|  |  |
| ***Holispa-Defendants' Exhibit 6*** | ***Plaintiff's patented design*** |

In sum, Holispa-Defendants' Exhibits 4 and 6 do not anticipate Plaintiff's patented design, because they do not show "each and every limitation" of Plaintiff's patented design.

**D. CONCLUSION**

Because neither the inventor's own disclosure nor a different product can anticipate a patented design, Holispa-Defendants have failed to rebut the statutory presumption that the patent-in-suit is valid by clear and convincing evidence.

The preliminary injunction should thus issue against Holispa-Defendants.

Date: September 30, 2026

Respectfully submitted,

/s/ Zheng "Andy" Liu

Zheng "Andy" Liu (CA- 279327)
1660 S Amphlett Blvd Suite 315
San Mateo, CA 94402
Email: Andy.Liu@AptumLaw.us
Phone: 650-475-6289

*ATTORNEY FOR PLAINTIFF*