**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

FOSHAN HUAYUN TECHNOLOGY CO., LTD.,

Plaintiff,

v.

SCHEDULE A DEFENDANTS,

Defendants.

Civil Case No.: 2:26-cv-01521-CCW

**CONSOLIDATED REPLY TO HEABLE-1 DEFENDANTS' OPPOSITIONS TO MOTION FOR PRELIMINARY INJUNCTION**

## A. INTRODUCTION

For clarity, the following defendants (collectively, "Heable-1 Defendants") filed, on different dates, their opposition papers at the following docket numbers:

| Dkt. | Defendant | Filed |
|---|---|---|
| 59 | Heable-1 (Def. No. 20) | Sept. 17, 2026 |
| 61 | Oupukle (Def. No. 11) | Sept. 17, 2026 |
| 71 | ZumpSalny (Amended Opp.) | Sept. 21, 2026 |
| 74 | Gotonovo | Sept. 22, 2026 |
| 76 | Dasan USA | Sept. 22, 2026 |

Each of Heable-1 Defendants' oppositions is almost identical to Defendant Woindo's

Amended Opposition (Dkt. 41). For example,

1. The oppositions by Heable-1 and Oupukle (Dkts. 59 and 61) copy Defendant Woindo's Amended Opposition (Dkt. 41)—word for word.
2. Dkt. 71 copies Dkt. 41 word for word and adds a single passage about a non-party Amazon seller, VANFOXLE. Dkt. 71 at 7–9.
3. Dkts. 74 and 76 then copy Dkt. 71 word for word.

Because Heable-1 Defendants' oppositions are almost identical, Plaintiff's reply remains largely the same. For the sake of clarity, Plaintiff incorporates by reference its reply papers to Defendant Woindo's Amended Opposition (Dkt. 44) and reply papers to Holispa Defendants' Opposition (Dkt. 84), along with their accompanying declarations (Dkt. 45; Dkts. 84-1 through 84-5).

This way, Plaintiff believes the record is cleaner and, most importantly, easier for the Court to review.

## B. DISCUSSION

### I. Plaintiff's Reply To Woindo (Dkt. 44) Already Addresses Many Arguments Heable-1 Defendants Copied From Defendant Woindo.

Many arguments in Heable-1 Defendants' papers appear, word for word, in Woindo's opposition, and have already been answered in Plaintiff's reply filed at Dkt. 44:

| Argument | Woindo (Dkt. 41) | Dkts. 59, 61 | Dkts. 71, 74, 76 | Answered In |
|---|---|---|---|---|
| Obviousness over CN ’638, CN ’838, CN ’841, and EU ’0043 (*Whitman Saddle*) | 2–6 | 2–6 | 2–6 | Dkt. 44 § B.II, at 2–6; Deng Supp. Decl. ¶¶ 7–10 |
| Pre-filing sales, based on Woindo’s listing and 2024 customer review | 6–7, 10–11 | 6–7, 10–11 | 6–7, 12–13 | Dkt. 44 § B.IV, at 7–8; Deng Supp. Decl. ¶¶ 13–15 |
| Functionality | 7–10 | 7–10 | 9–12 | Dkt. 44 § B.III, at 6–7; Deng Supp. Decl. ¶¶ 11–12 |
| Ordinary observer | 10–11 | 10–11 | 12–13 | Dkt. 44 § B.IV, at 8–9 |
| Irreparable harm, balance of harms, and public interest | 11 | 11 | 13 | Dkt. 44 § B.V, at 9–10 |

Two points are worth mentioning. First, Heable-1 Defendants do not introduce any alleged prior art of their own. Instead, Heable-1 Defendants all rely on Defendant Woindo’s alleged prior art—e.g., a customer review posted under Woindo’s ASIN. Paragraph 6 of Dkts. 59, 61, 71, 74, and 76.

Plaintiff has already shown that this review does not depict Woindo’s accused product at all: Amazon allows a seller to list different products under the same ASIN at different times, and the product shown in the review photograph has a different design from the accused product. Deng Supp. Decl. ¶¶ 13–15; Dkt. 44 at 7–8. A review that does not even show Woindo’s accused product should have no bearing on the Court’s preliminary injunction analysis. This is true for Defendant Woindo, as well as Heable-1 Defendants.

Second, like Defendant Woindo, Heable-1 Defendants do not represent that they would keep their assets within this Court’s jurisdiction if the injunction is denied. Dkts. 59,

61 at 11; Dkts. 71, 74, 76 at 13. Absent an injunction, Plaintiff will, in practice, have no chance of recovery against Heable-1 Defendants. Dkt. 44 at 9–10.

**II. The Vanfoxle Photos Are Not Prior Art.**

Defendants ZumpSalny, Gotonovo, and Dasan USA argue that the Amazon store named Vanfoxle "sold the following shower product with customer review as early as August 2, 2024." Dkt. 71 at 7. The passage rests on three images: a still frame from a customer's review video (Figure 5), a screenshot of a customer review dated August 2, 2024 (Figure 6), and a product photograph from VANFOXLE's Amazon listing (Figure 7). *Id.* at 8–9. None is prior art, however.

First, Figures 5 and 7 are irrelevant because they do not even show a publication date. Counsel for Defendants ZumpSalny, Gotonovo, and Dasan USA represents that Figures 5 and 7 show what products are being sold on "Sept 21, 2026." What is being sold now cannot prove such a design was publicly available before the patent-in-suit's filing date of October 21, 2024. Thus, Figures 5 and 7 are irrelevant.

Second, Figure 6 is not prior art, because as testified to by Mr. Wang (the legal representative of Jiangmen Haiyi, which owns the Amazon store named Vanfoxle), Mr. Wang obtained the disclosure of Plaintiff's patented design from Inventor Deng in 2024. Thus, even though Figure 6 purports to show a publication date of August 2, 2024, Figure 6 is still not prior art under 35 U.S.C. § 102(b)(1)(A) because it is a disclosure made (1) less than one year before the filing date of the patent-in-suit and (2) by Mr. Wang, "who obtained the subject matter disclosed directly or indirectly from" Inventor Deng.

## C. CONCLUSION

Like Defendant Woindo, Heable-1 Defendants have also failed to rebut the statutory presumption that Plaintiff's patented design is valid by clear and convincing evidence; the Court should thus issue a preliminary injunction against Heable-1 Defendants for at least the same reasons explained with respect to Defendant Woindo.

Date: September 30, 2026

Respectfully submitted,

/s/ Zheng "Andy" Liu
Zheng "Andy" Liu (CA- 279327)
***Aptum Law***
1660 S Amphlett Blvd Suite 315
San Mateo, CA 94402
Email: Andy.Liu@AptumLaw.us
Phone: 650-475-6289

*ATTORNEY FOR PLAINTIFF*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including counsel for Defendants Heable-1, Oupukle, ZumpSalny, Gotonovo, and Dasan USA.

/s/ Zheng "Andy" Liu
Zheng "Andy" Liu