**From:** ecf_intake_pawd@pawd.uscourts.gov
**Subject:** Activity in Case 2:26-cv-01521-CCW FOSHAN HUAYUN TECHNOLOGY CO., LTD. v. SCHEDULE A DEFENDANTS Order on Motion for Preliminary Injunction
**Date:** October 1, 2026 at 9:11 AM
**To:** pawd_ecf@pawd.uscourts.gov

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**Western District of Pennsylvania**

## Notice of Electronic Filing

The following transaction was entered on 10/1/2026 at 9:10 AM EDT and filed on 10/1/2026

| | |
|---|---|
| **Case Name:** | FOSHAN HUAYUN TECHNOLOGY CO., LTD. v. SCHEDULE A DEFENDANTS |
| **Case Number:** | 2:26-cv-01521-CCW |
| **Filer:** | |
| **Document Number:** | 86(No document attached) |

**Docket Text:**
**ORDER DENYING [47] Motion for Preliminary Injunction by Plaintiff FOSHAN HUAYAN TECHNOLOGY CO., LTD. On 8/21/2026, the Court granted Plaintiff's [25] Motion for an order to show cause for why a preliminary injunction should not issue, and for a Temporary Restraining Order as to all defendants (except ZHENJIANGJIANHONGMAOYIYOUXIANGONGSI (hereafter, "COCKTAP")). ECF No. 25. On 9/17/2026, the Court held a show-cause hearing and heard argument from Plaintiff and certain defendants. See ECF No. 62. To consider the parties' arguments and permit additional opportunity to cure notice defects and hear from other defendants, the Court extended the Temporary Restraining Order as to all defendants (except COCKTAP) until 10/1/2026. ECF No. 63. Now ripe and before the Court is Plaintiff's [47] Motion for Preliminary Injunction, ECF No. 47, and Opposing Defendants' briefs in opposition to the motion for preliminary injunction and in response to the Court's order to show cause, see ECF Nos. 49 (COCKTAP), 41 (WOINDO), 59 (HEABLE-1), 61 (OUPUKLE), 71 (ZUMPSALNY), 74 (GOTONOVO), 76 (DASAN USA), and 79 (HOLISPA, HOMGOO SHOWER, MWLY, RAYCHARM). In its [47] Motion, Plaintiff seeks a preliminary injunction against the non-dismissed defendants identified on Schedule A of the Complaint based on allegations that the defendants are infringing its registered design patent. See ECF No. 47; see also ECF Nos. 15 (Complaint), 15-1 (Patent), 16 (TRO/OTSC Motion), 17 (Brief). "Preliminary injunctive relief is an extraordinary remedy and should be granted only in limited circumstances." Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (citation modified). District courts have "sound discretion" to grant or deny preliminary injunctive relief based on their assessment of four factors: "(1) the likelihood of success on the merits; (2) the risk of irreparable injury absent preliminary relief; (3) the balance of equities; and (4) the public interest." Delaware State Sportsmen's Ass'n, Inc. v. Delaware Dep't of Safety & Homeland Sec., 108 F.4th 194, 202 (3d Cir. 2024). "[A]ny one factor may give a district court reason enough to exercise its sound discretion by denying an injunction." Id. at 203. The Court concludes that Plaintiff fails to demonstrate a likelihood of success on the merits with respect to Opposing**

**fails to demonstrate a likelihood of success on the merits with respect to Opposing Defendants' challenge to the validity of the design patent on obviousness grounds. See Mylan Institutional LLC v. Aurobindo Pharma Ltd., 857 F.3d 858, 866 (Fed. Cir. 2017) ("To establish a likelihood of success on the merits, a patentee must show that it will likely prove infringement of the asserted claims and that its infringement claim will likely withstand the alleged infringer's challenges to patent validity and enforceability. A preliminary injunction should not issue if the accused infringer raises a substantial question concerning either infringement or validity." (citation modified)). Design patents, per 35 U.S.C. § 171, are subject to the nonobviousness requirements of 35 U.S.C. § 103. Federal Circuit precedents establish that "the ultimate inquiry under section 103 is whether the claimed design would have been obvious to a designer of ordinary skill who designs articles of the type involved." Titan Tire Corp. v. Case New Holland, Inc., 566 F.3d 1372, 138081 (Fed. Cir. 2009) (quoting Durling v. Spectrum Furniture Co., 101 F.3d 100, 103 (Fed. Cir. 1996)). In practice, that means assessing "whether one of ordinary skill would have combined teachings of the prior art to create the same overall visual appearance as the claimed design." Id. (citation omitted). To do so, courts first identify "a single reference," i.e. a primary reference, "a something in existence, the design characteristics of which are basically the same as the claimed design." Id. (citation modified). Then, courts may consider "other secondary references" to modify the primary reference "to create a design that has the same overall visual appearance as the claimed design." Id. (citation modified). But "these secondary references must be so related to the primary reference that the appearance of certain ornamental features in one would suggest the application of those features to the other." Id. (citation modified). Plaintiff's claimed design, asserted in U.S. Design Patent No. D1,057,101 ("'101 Patent"), is an "ornamental design for a shower valve," depicting a rectangular wall plate; three circular control knobs, arrayed in a triangular pattern and situated in the upper half of the plate; and a rectangular lever, situated in the bottom half of the plate. ECF No. 15-1 (Patent); see also ECF Nos. 15 (Complaint) para. 50, 41 (Woindo Opp.) at 35. Opposing Defendants argue that the '101 Patent "does not invent a new ornamental concept" as the claimed design "was already in the prior art" and thus the '101 Patent is invalid as obvious. See, e.g., ECF 41 (Woindo Opp.) at 37. In particular, Opposing Defendants point to four references in the prior art: CN 304032638 S, ECF No. 41-1; CN 306922838 S, ECF No. 41-2; CN 306922841 S, ECF No. 41-3; and EU 006263299-0043, ECF No. 41-4. The prior art CN 304032638 S, taken as the primary reference, features a square wall plate with circular control knobs situated in the upper half of the plate and a rectangular lever situated in the bottom half of the plate. ECF No. 41-1. However, it only has two knobs in a row rather than three in a triangle as in Plaintiff's claimed design. Id. But prior art CN 306922838 S and CN 306922841 S, taken as secondary references, fill that gap: both feature three control knobs, albeit situated in the bottom half, and with only one arrayed in a triangular pattern. ECF Nos. 40-2, 40-3. And prior art EU 006263299-0043, as a further secondary reference, features three control buttons (not knobs) and a rectangular lever, the former situated in the top and the latter situated in the bottom half. ECF No 40-4. All told, the Court concludes that Opposing Defendants have succeeded in establishing a substantial question -- and Plaintiff has failed to establish a lack of substantial merit -- as to whether these four prior art references considered together "create the same overall visual appearance as the claimed design" in the '101 Patent. Titan Tire Corp., 566 F.3d at 1381 (quoting Durling, 101 F.3d at 103). Thus, Plaintiff has failed to demonstrate a likelihood of success on the merits with respect to Opposing Defendants' challenge to the validity of the design patent on obviousness grounds. The Court concludes that this failure is sufficient to deny the preliminary injunction, so the Court need not reach the remaining preliminary injunction factors. See Delaware State Sportsmen's Ass'n, Inc., 108 F.4th at 203. Accordingly, IT IS HEREBY ORDERED that the [47] Motion for Preliminary Injunction is DENIED. Signed by Judge Christy Criswell Wiegand on 10/01/2026. Text-**

**only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (tmc)**

**2:26-cv-01521-CCW Notice has been electronically mailed to:**

He Cheng rcheng@palmerlawgroup.com, legalassistance@palmerlawgroup.com

Zheng Gong zheng.gong@shinyrise.com

Adam E. Urbanczyk adamu@au-llc.com

Zheng Liu Andy.Liu@AptumLaw.us, 4662851420@filings.docketbird.com, bjliuzheng@recap.email, hkoscarlam@gmail.com

Jianyin Liu jamesliulaw@gmail.com

**2:26-cv-01521-CCW Filer must deliver notice by other means to:**