**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**FOSHAN HUAYUN TECHNOLOGY CO., LTD.,**

Plaintiff,

v.

**THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,**

Defendants.
_______________________________________/

Civil Action No. 2:26-cv-01521-CCW
Judge Christy Criswell Wiegand
JURY TRIAL DEMANDED

**DEFENDANT Gotonovo'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS FOR DECLARATORY JUDGMENT OF INVALIDITY AND NON-INFRINGEMENT OF U.S. DESIGN PATENT NO. D1,057,101 S**

Defendant Gotonovo (Amazon ID: A2L3NB37MGLDSK) ("Gotonovo" or "Defendant"), by and through undersigned counsel, answers the Complaint of Plaintiff Foshan Huayun Technology Co., Ltd. ("Plaintiff") and asserts counterclaims for declaratory judgment as follows. This Answer is filed subject to, and without waiver of, all defenses of lack of personal jurisdiction, insufficient service of process, improper venue, and any other defense available under Federal Rule of Civil Procedure 12.

**PRELIMINARY STATEMENT**

This is a Schedule A design-patent case. Plaintiff asserts a single design patent—U.S. Design Patent No. D1,057,101 S (the "'101 Patent"), filed October 21, 2024 and issued January 7, 2025—against a sealed list of marketplace sellers. The claimed design is an ornamental wall-plate shower/ bathtub valve trim: a generally rectangular plate, a cluster of circular controls, and a lower lever or handle.

Gotonovo is a small Amazon seller. It is not an anonymous "Seller Alias network." It does not act in concert with the other Schedule A defendants. Plaintiff has not identified a Pennsylvania purchaser of Gotonovo's accused trim, a shipment into this District, or Pennsylvania tax collected on the accused goods. Group allegations copied across every Schedule A defendant are not evidence as to Gotonovo.

The '101 Patent is invalid. Its overall visual impression—rectangular wall plate, circular function controls, and a bottom lever—was already in the prior art years before Plaintiff's October 21, 2024 filing, including Chinese design patents CN 304032638 S (issued 2017), CN 306922838 S and CN 306922841 S (issued 2021), EU Registered Design 006263299-0043, and on-sale and publicly used shower trims in the United States, including Gotonovo's own Amazon listing (ASIN B0D5XXTP27) and a verified U.S. customer review dated August 26, 2024. Combining published plates and buttons is not a patentable ornamental invention. *Smith v. Whitman Saddle Co*., 148 U.S. 674 (1893).

Even if the '101 Patent were valid, Gotonovo does not infringe. Design-patent infringement is judged by the ordinary observer in light of the prior art. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008) (en banc). In a crowded field of square shower plates with circular buttons and a lower handle, any differences between Gotonovo's product and the '101 drawings are not differences an ordinary purchaser would treat as the same design.

Gotonovo therefore denies liability, and seeks a declaratory judgment that the '101 Patent is invalid and not infringed.

## <u>RESPONSE TO NUMBERED ALLEGATIONS</u>

*Unless expressly admitted, every allegation of the Complaint is denied as to Gotonovo. Allegations directed to "Defendants" collectively are denied as to Gotonovo except where specifically admitted. Headings in the Complaint require no response. To the extent they contain allegations, they are denied.*

**1.** Denied as to Gotonovo. Gotonovo denies that it trades upon Plaintiff's reputation or goodwill, denies that it offers or sells "unauthorized and unlicensed products" that infringe any valid claim of the '101 Patent, and denies that it operates under fictitious Seller Aliases to conceal an infringing network. Gotonovo operates an identifiable Amazon storefront (A2L3NB37MGLDSK). Plaintiff's characterizations of other sellers are not directed to Gotonovo and are denied for lack of knowledge.

**2.** Denied as to Gotonovo. Plaintiff was not "forced" to file this action against Gotonovo. The '101 Patent is invalid and not infringed. Gotonovo denies that consumers purchasing its products are purchasing "Infringing Products."

**3.** Denied as to Gotonovo. Plaintiff has not been irreparably damaged by Gotonovo. Design-patent injury is compensable in money if Plaintiff ever proves a valid and infringed claim, which it has not. Gotonovo denies consumer confusion, dilution, and tarnishment. Dilution and tarnishment are trademark concepts and have no application to a design-patent claim under 35 U.S.C. § 171.

**PARTIES**

**4.** Gotonovo lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's corporate form and citizenship, and therefore denies them.

**5.** Gotonovo admits that the United States Patent and Trademark Office issued U.S. Design Patent No. D1,057,101 S on January 7, 2025, on an application filed October 21, 2024, and that Plaintiff purports to own that patent. Gotonovo denies that the '101 Patent is valid or enforceable. Gotonovo lacks knowledge sufficient to admit the redacted title as pleaded and denies the remaining allegations of Paragraph 5.

**6.** Gotonovo lacks knowledge or information sufficient to form a belief as to what products Plaintiff makes and sells, and therefore denies the allegations of Paragraph 6.

**7.** Denied. The ornamental appearance claimed in the ’101 Patent does not overcome any "deficiency" of prior designs. The claimed combination of a rectangular plate, circular controls, and a lower lever was already published and on sale.

**8.** Gotonovo lacks knowledge or information sufficient to form a belief as to Plaintiff’s promotional expenditures, and therefore denies the allegations of Paragraph 8.

**9.** Denied. Gotonovo lacks knowledge of Plaintiff’s U.S. launch and commercial results and denies any implication that market success proves validity or infringement.

**10.** Gotonovo lacks knowledge or information sufficient to form a belief as to Plaintiff’s "primary source of sales," and therefore denies the allegations of Paragraph 10.

**11.** Denied. The ’101 Patent is invalid, unenforceable, and not infringed, for the reasons set forth in the Affirmative Defenses and Counterclaims. Exhibit A speaks for itself.

**12.** Denied as conclusions and as lacking foundation as to Gotonovo. Gotonovo lacks knowledge of Plaintiff’s market position and denies that the claimed design is "user-friendly and innovative" in any patentably ornamental sense.

**13.** Denied. A design patent does not identify source. Consumers do not recognize a commodity shower-valve faceplate as "sourced from Plaintiff."

**14.** Denied as to Gotonovo. Gotonovo denies that its products are "virtually identical" to the claimed design of the ’101 Patent and denies that it has harmed Plaintiff by selling unlicensed infringing products. Gotonovo is not a "Seller Alias."

**15.** Denied as to Gotonovo. Gotonovo denies that it has impacted Plaintiff’s patent rights or eroded Plaintiff’s market share. Plaintiff’s alleged sales decline, if any, is not attributable to a valid exclusive right in a combination of published prior designs.

**16.** Denied as to Gotonovo.

**17.** Denied as to Gotonovo. Plaintiff has not lost any legally protectable exclusivity as against Gotonovo because the ’101 Patent is invalid and not infringed.

**18.** Admitted that Gotonovo has no license or contract with Plaintiff covering the ’101 Patent. Denied that any license is required.

**19.** Denied as to Gotonovo. Characterizing independent marketplace sellers as a "swarm of attacks" is rhetoric, not a fact as to Gotonovo. Joinder and "swarm" allegations do not establish concert, jurisdiction, or infringement by this Defendant.

**20.** Denied as to Gotonovo. Gotonovo is not an anonymous partnership or unincorporated association. Gotonovo denies that it "targets sales to Pennsylvania residents" within the meaning of the Due Process Clause or 42 Pa. Cons. Stat. § 5322. Operating an Amazon storefront that is viewable nationwide is not, without more, purposeful availment of Pennsylvania. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003). Plaintiff has not identified a Pennsylvania purchaser, shipment into this District, or Pennsylvania tax as to Gotonovo.

**21.** Denied as to Gotonovo, except that Gotonovo does not contest that a properly served defendant with capacity may be sued under Rule 17(b). Gotonovo denies that it resides in a jurisdiction chosen for "lenient intellectual property enforcement," and denies the implication that foreign domicile substitutes for proof of jurisdiction or infringement.

**22.** Denied as to Gotonovo. Gotonovo does not operate under fictitious aliases to conceal identity or the scope of an infringing network. Gotonovo’s Amazon identity is A2L3NB37MGLDSK.

**23.** Denied as to Gotonovo. Plaintiff’s inability or unwillingness to plead Gotonovo-specific facts is not a license to proceed on group pleading. Gotonovo will identify itself in discovery to the extent the Court has personal jurisdiction and the claim survives.

**24.** The cited articles and government report (Complaint Exhibits D and E) are writings that speak for themselves. Gotonovo denies that those publications describe Gotonovo's conduct. Generalized commentary about counterfeiting on e-commerce platforms is irrelevant to a design-patent claim against an identified Amazon seller of shower trim.

**25.** Denied as to Gotonovo. Gotonovo denies fraudulent registration, false identifying information, or concealment of interconnected operations.

**26.** Denied as to Gotonovo, except that Gotonovo admits that Amazon is a commercial marketplace that accepts payment in U.S. dollars. Gotonovo denies that its storefront is designed to be confused with an "authorized retailer" of Plaintiff. A design patent has no authorized-retailer network of the kind the Complaint describes.

**27.** Denied as to Gotonovo. Gotonovo denies registering serial aliases to evade enforcement.

**28.** Denied as to Gotonovo. Gotonovo denies using fake names or payment accounts to evade judgments, and denies that "financial records from similar cases" are evidence of anything Gotonovo has done.

**29.** Denied as to Gotonovo. Gotonovo denies communicating with other Schedule A defendants via WeChat, QQ, sellerdefense.cn, kaidianyo.com, kuajingys.com, or any litigation-warning network.

**30.** Denied as to Gotonovo. Shared marketplace conventions—templates, payment methods, keywords—are features of Amazon, not proof that Gotonovo is logically related to every other seller on Schedule A.

**31.** Denied as to Gotonovo. Gotonovo denies that its products come from a "common source" with the other Schedule A defendants or that product similarity among third parties establishes a logical relationship with Gotonovo.

**32.** Denied as to Gotonovo.

**33.** Denied as to Gotonovo. The accused product description in Paragraph 33 is redacted in the publicly available Complaint. Gotonovo admits that it has offered shower-system products on Amazon, including the listing associated with ASIN B0D5XXTP27, and denies that those products infringe any valid claim of the ’101 Patent. Exhibits B and C speak for themselves; Gotonovo denies that they establish infringement or concert by Gotonovo.

**34.** Denied as to Gotonovo. Gotonovo is not working in active concert with the other Schedule A defendants to manufacture, import, distribute, offer, or sell infringing products. Plaintiff may not obtain joint-and-several relief against Gotonovo on group allegations.

**35.** Denied as to Gotonovo.

**36.** Denied as to Gotonovo. There is no protectable "goodwill" in an invalid design patent covering a combination of published valve faces.

**37.** Denied as to Gotonovo, except that Gotonovo admits Amazon listings are generally visible in the United States. Gotonovo denies that it has offered, sold, or shipped an infringing product to Pennsylvania, and denies that Exhibit C establishes such a sale by Gotonovo. Standing ready on a national website is not a Pennsylvania sale.

**38.** Denied as to Gotonovo. There are no common questions that justify treating Gotonovo as interchangeable with every other Schedule A name. Validity, infringement, jurisdiction, and damages are defendant-specific.

**39.** Denied as to Gotonovo. A design patent is not used "in connection with" goods as a trademark is used. Plaintiff has not shown confusion, mistake, or deception caused by Gotonovo, and those concepts are not the test for design-patent infringement.

**40.** The first sentence states a legal characterization of Plaintiff’s claim. Gotonovo admits that Plaintiff purports to sue under 35 U.S.C. §§ 271, 281, and 284–285, and that this Court would have

subject-matter jurisdiction over a well-pleaded patent claim under 28 U.S.C. §§ 1331 and 1338. Gotonovo denies that Plaintiff has stated a claim against Gotonovo on which relief can be granted, and denies infringement.

**41.** Denied as to Gotonovo. Plaintiff has not established specific personal jurisdiction over Gotonovo in Pennsylvania. An interactive Amazon storefront viewable in Pittsburgh is not enough. Plaintiff must show "something more"—deliberate targeting of this forum. *Toys "R" Us,* 318 F.3d at 454. Plaintiff has not identified a Pennsylvania purchaser of Gotonovo's accused trim, a shipment into this District, or Pennsylvania tax collected on the accused goods. Group allegations that "each Defendant" targeted Pennsylvania are not evidence as to Gotonovo. *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129 (3d Cir. 2020). Exhibit C is not admitted as proof of Gotonovo's forum contacts.

**42.** Denied as to Gotonovo. Pennsylvania's long-arm statute, 42 Pa. Cons. Stat. § 5322(a), does not independently establish jurisdiction on the facts pleaded as to Gotonovo. Nationwide visibility of an Amazon listing, the ability of a Pennsylvania resident to view or theoretically order a product, and generic marketplace interactivity do not constitute purposeful direction at Pennsylvania by Gotonovo.

**43.** Denied as to Gotonovo. Rule 4(k)(2) is a residual federal long-arm provision. It requires that the defendant not be subject to jurisdiction in any state's courts of general jurisdiction and that the exercise of jurisdiction be consistent with the Constitution. Plaintiff has not made that showing as to Gotonovo, and Rule 4(k)(2) does not excuse the absence of minimum contacts with the United States as a whole tied to the claim. Alternative service, even if later authorized, does not create personal jurisdiction.

**44.** Denied as to Gotonovo. Venue under 28 U.S.C. § 1391 is improper as to Gotonovo because Plaintiff has not shown that a substantial part of the events giving rise to the claim occurred in this District or that Gotonovo committed acts of infringement here. Reciting Schedule A is not a venue fact.

**45.** Paragraph 45 states a legal conclusion regarding 28 U.S.C. § 1391(c)(3). To the extent a response is required, Gotonovo denies that venue is proper on the present record and denies that Plaintiff has established Gotonovo's residence for venue purposes.

**COUNT I: PATENT INFRINGEMENT**

**46.** Gotonovo incorporates its responses to the preceding paragraphs. To the extent Paragraph 46 re-alleges those paragraphs, Gotonovo responds in the same manner.

**47.** Denied as to Gotonovo. Gotonovo has not offered, sold, or shipped products that infringe any valid claim of the '101 Patent. Exhibit C is not admitted.

**48.** Denied as to Gotonovo. There is no direct or indirect infringement of a valid design-patent claim.

**49.** Denied. Gotonovo does not literally infringe and does not infringe under the doctrine of equivalents. The doctrine of equivalents has limited application to design patents; the test is whether an ordinary observer, familiar with the prior art, would be deceived into believing the accused design is the same as the patented design. *Egyptian Goddess*, 543 F.3d at 678; *Gorham Co. v. White,* 81 U.S. 511 (1871). That test is not met.

**50.** Denied. The infringement narrative in Paragraph 50 is redacted. Gotonovo denies that any accused product "directly infringe[s] the claim" of the '101 Patent. Exhibits B and C speak for themselves and do not establish infringement by Gotonovo. In a field already populated by rectangular plates, circular controls, and bottom levers, the ordinary observer would not regard Gotonovo's product as the '101 design.

**51.** Denied as to Gotonovo. Gotonovo is not "actively infringing" in Pennsylvania, this District, or elsewhere.

**52.** Denied as to Gotonovo. Plaintiff has not suffered irreparable harm caused by Gotonovo.

**53.** Denied as to Gotonovo. Any alleged infringement was not willful. Gotonovo had no actual knowledge of the ’101 Patent before this lawsuit. The patent did not issue until January 7, 2025, and the application was not filed until October 21, 2024—after Gotonovo’s accused look was already on Amazon and reviewed in the United States. Constructive knowledge is not willfulness. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93 (2016). Anonymity allegations do not apply to Gotonovo.

Any allegation in the Prayer for Relief or Demand for Jury Trial that is not a request for relief is denied as to Gotonovo. Plaintiff is not entitled to any of the relief requested against Gotonovo.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where the law places it on Plaintiff, Gotonovo asserts the following defenses. Gotonovo reserves the right to amend as discovery proceeds.

### First Defense- Invalidity Under 35 U.S.C. §§ 102, 103, and 171

The ’101 Patent is invalid for lack of novelty and/or for obviousness, and for failure to satisfy the ornamental-originality requirement of 35 U.S.C. § 171. The claimed overall appearance—a rectangular or square wall plate, circular controls, and a lower lever or handle—was anticipated by, or would have been obvious in light of, at least:

CN 304032638 S (appl. May 20, 2016; issued Feb. 8, 2017) — wall-mount bathtub/shower valve body with square plate, dual knobs, and lower lever;

CN 306922838 S (appl. June 1, 2021; issued Nov. 5, 2021) — concealed thermostatic three-function valve; square plate with multiple circular controls;

CN 306922841 S (appl. June 1, 2021; issued Nov. 5, 2021) — concealed thermostatic three-function valve with circular controls on a rectangular plate;

EU Registered Design No. 006263299-0043 — rectangular plate, three aligned circular buttons, and bottom lever, the same visual arrangement; and

U.S. on-sale and public-use shower trims, including Amazon listings and a verified U.S. customer review of Gotonovo's ASIN B0D5XXTP27 dated August 26, 2024, all before the October 21, 2024 filing date.

A person cannot take the plate and lever of one published design and the circular-control row of another and call the assembly a new ornamental invention. *Whitman Saddle*, 148 U.S. at 680–81. Validity is judged by the ordinary observer in light of the prior art. *Egyptian Goddess*, 543 F.3d at 678. That observer would not find the '101 drawings to be a new design.

**Second Defense - Invalidity Under 35 U.S.C. Section 102 (On-Sale / Public Use)**

The claimed design was on sale and in public use in the United States more than, and in any event before, the October 21, 2024 filing date, including through Amazon listings of three-function shower trims with a rectangular plate, circular controls, and lower handle, and through Gotonovo's own listing and the August 26, 2024 verified U.S. review.

**Third Defense — No Willful Infringement; No Enhanced Damages**

Any alleged infringement was not willful, wanton, or in reckless disregard of a valid patent right. Gotonovo lacked pre-suit knowledge of the '101 Patent. The patent issued after Gotonovo's accused configuration was already on the market. Enhanced damages under § 284 and a finding of exceptionality under § 285 are unavailable.

**Fourth Defense — No Irreparable Harm; Adequate Remedy at Law**

Plaintiff is not entitled to injunctive relief against Gotonovo. Delay in suing on a January 2025 patent covering a look published and sold for years, the substantial invalidity question, and the availability of money damages defeat irreparable harm. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006). A Schedule A asset freeze is not a substitute for that showing.

**Fifth Defense — Unclean Hands / Misuse of Design-Patent Process**

Plaintiff may not use a combination design patent and sealed Schedule A procedures to freeze a small seller's storefront and accounts without defendant-specific proof of jurisdiction, validity, and infringement. Enforcement of a design that merely restacks published plates and buttons to clear a commodity market is inconsistent with the public interest identified in Whitman Saddle.

**Sixth Defense — Prosecution History and Narrow Scope**

To the extent the prosecution history of the '101 Patent contains argument, amendment, or disclaimer, the claim is limited accordingly. Gotonovo reserves the right to rely on the complete file history once produced.

**Seventh Defense — Failure to Join / Misjoinder (Rule 20 / Rule 21)**

The Schedule A defendants are not properly joined as to Gotonovo. There is no common transaction or occurrence, and no common question of fact, merely because multiple sellers offer shower trim on Amazon. *In re EMC Corp*., 677 F.3d 1351 (Fed. Cir. 2012). Gotonovo should not be bound by group allegations or group remedies.

**Eighth Defense — Failure to Mark / Limitation on Damages (35 U.S.C. § 287)**

To the extent § 287 applies to the design patent and Plaintiff's own products, Plaintiff has not pleaded compliance with marking or actual notice before suit. Damages, if any, are limited accordingly.

**Ninth Defense — No Lost Profits; No Disgorgement Beyond the Statute**

Plaintiff cannot recover lost profits without proof of demand for the patented design, absence of acceptable non-infringing alternatives, manufacturing and marketing capability, and the amount of profit. Recovery under 35 U.S.C. § 289, if available at all, is limited to the total profit on the article of manufacture and is not a vehicle for marketplace-wide asset freezes or joint-and-several liability among unrelated sellers.

**Tenth Defense — Reservation**

Gotonovo reserves all defenses available under the Patent Act, the Federal Rules, and the facts as they develop, including inequitable conduct if discovery so warrants, and including the right to seek attorney's fees under 35 U.S.C. § 285 because this case is exceptional as to Gotonovo.

Dated: Oct. 14, 2026

Respectfully submitted,

/s/ Jianyin Liu
**Jianyin Liu**
Florida Bar No. 1007675
Washington Bar No. 59542
*The Law Offices of James Liu PLLC*
9000 SW 157th St
Palmetto Bay, FL 33157
Telephone: (305) 209-6188
Email: jamesliulaw@gmail.com
Counsel for Defendant Gotonovo
(Pro Hac Vice Admitted)

**CERTIFICATE OF SERVICE**

I hereby certify that on Oct. 14, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Jianyin Liu
Jianyin Liu

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**Gotonovo,**

Plaintiff,

v.

**FOSHAN HUAYUN TECHNOLOGY CO., LTD.,**

Defendants.
_______________________________________/

Civil Action No. 2:26-cv-01521-CCW
Judge Christy Criswell Wiegand
JURY TRIAL DEMANDED

## COUNTERCLAIMS

Gotonovo, as counterclaim-plaintiff, for its counterclaims against Foshan Huayun Technology Co., Ltd. ("Huayun" or "Counterclaim-Defendant"), alleges as follows. These counterclaims are asserted subject to Gotonovo's jurisdictional defenses. If the Court concludes it has jurisdiction over Plaintiff's claim against Gotonovo, it has jurisdiction over these counterclaims.

## PARTIES, JURISDICTION, AND VENUE FOR THE COUNTERCLAIMS

**1.** Gotonovo is the Amazon seller operating under identifier A2L3NB37MGLDSK, and has offered shower-system products in interstate commerce, including the product associated with ASIN accused.

**2.** Huayun is the plaintiff and purported owner of U.S. Design Patent No. D1,057,101 S. Huayun has sued Gotonovo in this Court on that patent, sought a TRO, asset restraint, and preliminary injunction, and thereby has subjected itself to this Court's jurisdiction on claims arising from the same design patent and the same accused products. 28 U.S.C. § 1367; Fed. R. Civ. P. 13.

**3.** This Court has subject-matter jurisdiction over these counterclaims under 28 U.S.C. §§ 1331, 1338, 2201, and 2202, and 35 U.S.C. § 1 et seq. An actual, immediate, and justiciable controversy exists because Huayun has accused Gotonovo of infringing the '101 Patent, has obtained or sought injunctive

and asset-restraint relief against Schedule A defendants including Gotonovo, and continues to assert the patent against Gotonovo's marketplace activity.

**4.** Venue is proper for the counterclaims in this District because Huayun chose this forum and the counterclaims arise out of the same transaction and occurrence as the Complaint. 28 U.S.C. § 1391; Fed. R. Civ. P. 13.

## FACTUAL BACKGROUND FOR THE COUNTERCLAIMS

**5.** The '101 Patent is a design patent. It issued on January 7, 2025, from an application filed October 21, 2024. The claimed design is the ornamental appearance of a wall-mounted valve trim: a generally rectangular plate, circular controls, and a lower lever or handle.

**6.** Design patents protect only new, original, and ornamental designs for an article of manufacture. 35 U.S.C. § 171. They are judged by the ordinary observer, comparing the claimed design with the prior art and with the accused product. *Egyptian Goddess*, 543 F.3d at 678; Gorham, 81 U.S. 511.

**7.** Years before the '101 filing date, the same overall visual impression was already published:

**CN 304032638 S.** Application May 20, 2016; issued February 8, 2017, to Zhong Lantian. Product name: bathtub faucet body (6918). The registration shows a square wall plate, two circular knobs on the face, and a lower projecting lever/handle—the plate-plus-lever architecture of the '101 Patent.

**CN 306922838 S.** Application June 1, 2021; issued November 5, 2021, to Wenzhou Qiaoyu Sanitary Ware Co., Ltd. Product name: concealed pre-embedded faucet (thermostatic push-button three-function internal thread joint). The registration shows a rectangular/square faceplate with a larger circular control and additional circular function buttons—the multi-circle control face of the '101 Patent.

**CN 306922841 S.** Application June 1, 2021; issued November 5, 2021, same applicant. Product name: concealed pre-embedded faucet (thermostatic push-button three-function hot-melt joint). Same family of concealed three-function valve faces with circular controls on a rectangular plate.

**EU 006263299-0043.** European Union registered design for a faucet. The drawings show a rectangular plate, three aligned circular buttons, and a rectangular lever hanging below the plate—the same visual arrangement Plaintiff now claims as original to a 2024 U.S. filing.

**8.** Those registrations were printed publications available before October 21, 2024. 35 U.S.C. § 102(a)(1).

**9.** The same look was also on sale and in public use in the United States before the ’101 filing date. Woindo’s Amazon listing, https://www.amazon.com/Woindo-Rainfall-Multi-function-Handheld-Diverter/dp/B0D5XXTP27/, offered a multi-function shower system whose wall trim employs a rectangular plate, circular controls, and a lower handle. A verified United States customer review of that listing is dated August 26, 2024—nearly two months before Plaintiff filed the ’101 application. Other Amazon listings and reviews of square-plate, multi-control shower trim predate the filing as well, including reviews dating to 2021.

**10.** Huayun did not invent a new ornamental concept. At most it lined up elements already shown in the earlier designs: a rectangular wall plate, a row or cluster of circular controls, and a rectangular lever below the plate. That is the fact pattern the Supreme Court rejected in Whitman Saddle: taking the front of one existing design and the rear of another, putting them on one article, and claiming the combination. 148 U.S. at 680–81. "The combination of old elements, each performing the same function as before, and producing no new result, is not patentable." Id.

**11.** Despite that prior art, Huayun sued a sealed Schedule A of marketplace sellers, including Gotonovo, accused them collectively of willful infringement, and sought an ex parte TRO, asset freeze, storefront restraint, and preliminary injunction. As to Gotonovo, Huayun has not shown forum contacts, has not grappled with the prior art, and has treated a small seller of commodity shower trim as if it were part of a counterfeit ring.

**12.** Huayun's assertion of the '101 Patent against Gotonovo creates a concrete, immediate controversy over whether the patent is valid and whether Gotonovo's products infringe. Gotonovo is entitled to a judicial declaration so that it may sell lawful shower trim without the cloud of an invalid design patent and without a continuing freeze of its storefront and accounts.

**COUNT I**
**Declaratory Judgment of Invalidity of U.S. Design Patent No. D1,057,101 S**
***(28 U.S.C. §§ 2201–2202; 35 U.S.C. §§ 102, 103, 171)***

**13.** Gotonovo realleges Counterclaim Paragraphs 1–12.

**14.** An actual controversy exists between Gotonovo and Huayun as to the validity of the '101 Patent.

**15.** The '101 Patent is invalid under 35 U.S.C. § 102 because the claimed design was patented, described in a printed publication, in public use, on sale, or otherwise available to the public before the effective filing date of the claimed design, including without limitation the Chinese and EU design registrations identified above and the pre-filing U.S. sales and reviews of square-plate multi-control shower trim.

**16.** The '101 Patent is invalid under 35 U.S.C. § 103 because the claimed design as a whole would have been obvious to a designer of ordinary skill in the art of sanitary-ware and shower-valve trim, who would have found it obvious to arrange a rectangular wall plate, circular function controls, and a lower lever—each already present in the prior art—on a single faceplate. The ordinary designer and the ordinary observer would have regarded the result as a familiar combination, not an ornamental invention. *Whitman Saddle*, 148 U.S. at 680–81; *Durling v. Spectrum Furniture Co.*, 101 F.3d 100 (Fed. Cir. 1996); *High Point Design LLC v. Buyers Direct, Inc.*, 730 F.3d 1301 (Fed. Cir. 2013); *LKQ Corp. v. GM Global Tech. Operations LLC*, 102 F.4th 1280 (Fed. Cir. 2024) (en banc).

**17.** The '101 Patent is invalid under 35 U.S.C. § 171 because the claimed design is not new, original, and ornamental. Combining known valve faces does not satisfy § 171.

**18.** Gotonovo is entitled to a declaration that every claim of the ’101 Patent is invalid.

**COUNT II**

**Declaratory Judgment of Non-Infringement of U.S. Design Patent No. D1,057,101 S**

*(28 U.S.C. §§ 2201–2202; 35 U.S.C. § 271)*

**19.** Gotonovo realleges Counterclaim Paragraphs 1–18.

**20.** An actual controversy exists between Gotonovo and Huayun as to whether Gotonovo’s products infringe the ’101 Patent.

**21.** Even assuming validity, arguendo, Gotonovo’s accused products do not infringe. The sole test is whether an ordinary observer, familiar with the prior art, would be deceived into believing the accused design is the same as the patented design. *Egyptian Goddess*, 543 F.3d at 678. In a crowded prior-art field of rectangular shower plates with circular buttons and a lower handle, the ordinary purchaser of bathroom trim would not so conclude. Differences in the number, placement, and proportion of circular controls, the geometry and attachment of the lever, edge treatment, and overall visual impression are substantial in light of that art.

**22.** Gotonovo has not made, used, offered to sell, sold, or imported the patented design, and has not induced or contributed to any such infringement.

**23.** Gotonovo is entitled to a declaration that it has not infringed, and does not infringe, any valid claim of the ’101 Patent.

**COUNT III**

**Declaration That This Case Is Exceptional as to Gotonovo**

*(35 U.S.C. § 285)*

**24.** Gotonovo realleges Counterclaim Paragraphs 1–23.

**25.** This case is exceptional as to Gotonovo. Huayun asserted a design patent that merely restacks published prior designs; sued Gotonovo as part of a sealed collective "Schedule A" without Gotonovo-specific jurisdictional facts; sought asset and storefront restraints that inflict outsized harm on a small

seller; and advanced willfulness and "counterfeit ring" rhetoric that do not fit an identified Amazon seller of commodity shower trim whose look was on the market before the patent was filed.

**26.** Gotonovo has been forced to retain counsel, appear, and defend against a TRO and threatened preliminary injunction. Pursuant to 35 U.S.C. § 285 and the Court's inherent authority, Gotonovo is entitled to its reasonable attorney's fees and costs if it prevails.

**PRAYER FOR RELIEF ON THE COUNTERCLAIMS**

WHEREFORE, Defendant and Counterclaim-Plaintiff Gotonovo respectfully requests that the Court enter judgment in its favor and against Plaintiff as follows:

A. Declaring that U.S. Design Patent No. D1,057,101 S is invalid under 35 U.S.C. §§ 102, 103, and/or 171;

B. Declaring that Gotonovo has not infringed, and does not infringe, any valid claim of U.S. Design Patent No. D1,057,101 S;

C. Finding this case exceptional as to Gotonovo and awarding Gotonovo its reasonable attorney's fees and costs under 35 U.S.C. § 285;

D. Awarding Gotonovo its costs of suit; and

E. Granting such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Gotonovo demands a trial by jury on all issues so triable, including the counterclaims.

**PRAYER FOR RELIEF ON THE COMPLAINT**

WHEREFORE, Defendant Gotonovo respectfully requests that the Court:

1. Deny Plaintiff all relief requested in the Complaint as to Gotonovo;

2. Deny conversion of any TRO into a preliminary injunction as to Gotonovo;

3. Enter judgment for Gotonovo on the Complaint; and

4. Grant the relief requested in the Counterclaims.

Dated: Oct. 14, 2026

Respectfully submitted,

/s/ Jianyin Liu

**Jianyin Liu**
Florida Bar No. 1007675
Washington Bar No. 59542
*The Law Offices of James Liu PLLC*
9000 SW 157th St
Palmetto Bay, FL 33157
Telephone: (305) 209-6188
Email: jamesliulaw@gmail.com
Counsel for Defendant Gotonovo
(Pro Hac Vice Admission)

## CERTIFICATE OF SERVICE

I hereby certify that on Oct. 14, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Jianyin Liu
Jianyin Liu