**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FOSHAN HUAYUN TECHNOLOGY CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>SCHEDULE A DEFENDANTS,<br><br>Defendants. | Case No.: 2:26-cv-01521-CCW<br><br>Judge Christy Criswell Wiegand |

**PLAINTIFF'S RENEWED MOTION FOR AN ORDER AUTHORIZING ALTERNATIVE SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)**

Plaintiff Foshan Huayun Technology Co., Ltd. ("Plaintiff") filed this action against 23 Defendants, 19 of which have addresses in China and 4 of which have addresses in Hong Kong.[1] Seventeen Defendants remain in the case; Defendant Nos. 5, 8, 9, 10, 14, and 23 have been dismissed. (Dkt. 29; Dkt. 64; Dkt. 98.) On July 22, 2026, the Court denied Plaintiff's first motion for alternative service (Dkt. 5) without prejudice because Plaintiff had not yet established that an exception to the Hague Convention applies, such as where "the address of the party to be served is unknown." (Dkt. 13 (citing *SEC v. Lahr*, No. 22-2497, 2024 WL 3518309, at *3–4 (3d Cir. July 24, 2024)).)

[1]Hong Kong has not objected to Article 10 of the Hague Convention. Defendant Nos. 13, 15, 16, and 19 display Hong Kong addresses on their Amazon seller pages, but Amazon's records for each of them list one or more addresses in mainland China. (Liu Decl. ¶¶ 3–5 & Exs. A-B.)

Plaintiff has provided all Defendants with copies of papers in this action, including the Temporary Restraining Order and the Order extending it, by email to the email address for each Defendant provided by Amazon. *See* Certificate of Service (Dkt. 72). Plaintiff now renews its motion for an order authorizing alternative service by email and website publication under Federal Rule of Civil Procedure 4(f)(3) on the 17 remaining Defendants (the "Remaining Defendants").

**ARGUMENT**

Plaintiff is renewing its motion for alternative service because the Hague Convention does not apply since Plaintiff has established, after a reasonably diligent investigation, that the addresses of the Remaining Defendants are not known, and because the alternative service proposed by Plaintiff does not involve transmitting documents internationally.

**1. The Hague Convention Does Not Apply Because the Remaining Defendants' Addresses Are Unknown.**

The United States and the People's Republic of China are both signatories to the Hague Service Convention. (Dkt. 13.) However, according to Article 1 of the Hague Service Convention, "[t]his convention shall not apply where the address of the person to be served with the document is not known." *Chanel, Inc. v. Zhixian*, No. 10-CV-60585, 2010 WL 1740695, at *3 (S.D. Fla. Apr. 29, 2010) (quoting Hague Service Convention, art. 1). *See also BP Prods. N. Am., Inc. v. Dagra*, 236 F.R.D. 270, 271 (E.D. Va. 2006) (Hague

Service Convention "shall not apply where the address of the person to be served with the document is not known"); *Popular Enters., LLC v. Webcom Media Grp., Inc.*, 225 F.R.D. 560, 562 (E.D. Tenn. 2004) (same). An address is not known where the plaintiff has engaged in reasonably diligent efforts to discover it. (Dkt. 13 (citing *Lahr*, 2024 WL 3518309, at *3–4).)

In an effort to determine the address of each of the Remaining Defendants, Plaintiff's counsel or people assisting Plaintiff's counsel have input each available listed address for the Remaining Defendants into Google Maps. Many of the listed addresses are incomplete. (Declaration of Zheng Liu ["Liu Decl."] ¶ 6.) Others are for residential complexes or unmarked locations where no business operates. (*Id.*) Finally, others point to different businesses apparently unconnected with the Defendant; the address displayed by Defendant No. 7 (gotonovo), for example, is that of the Fairfield by Marriott hotel in Hangzhou, Zhejiang Province, China. (*Id.*) None of the addresses listed by the Remaining Defendants, however, returned a result consistent with the Defendant operating a business at that address. (*Id.*)

The addresses also conflict with one another. Five Remaining Defendants display an address on their Amazon seller page that does not match any address Amazon has on file for the same account. (Liu Decl. ¶¶ 3–5 & Exs. A-B.) Defendant No. 13 (Dasan USA), for example, displays an address in Tsuen Wan, Hong Kong, while Amazon's records list only an address in Foshan, Guangdong; Defendant No. 7 (gotonovo)

displays an address in Hangzhou, while Amazon's records list addresses in Wuyi, Zhejiang and Zhenjiang, Jiangsu. (*Id.*) Six accounts list two or more different addresses in Amazon's own records, and three Remaining Defendants list basement units of the same industrial building in Kwun Tong, Hong Kong. (*Id.* ¶ 5 & Ex. B.) For Defendant No. 17 (Raycharm), Amazon's records identified a different seller altogether. (*Id.* ¶ 4.)

These results are not surprising. Online sellers in cases like this one routinely list incomplete or false information on their seller pages. (*Id.* ¶¶ 7–8.) Accordingly, the addresses of the Remaining Defendants are unknown, the provisions of the Hague Convention do not control, and alternative service is legally permitted to accomplish service on these Defendants.

**2. Since Plaintiff Is Not Proposing to Transmit Documents Overseas, the Hague Convention Does Not Apply.**

Even if the Remaining Defendants' addresses were known, however, the Hague Convention would not apply since no overseas transmission of documents is required by Plaintiff's proposed alternative service method. The provisions of the Hague Convention only apply when documents are transmitted overseas. Importantly, the Hague Convention does not broadly control all service upon foreign parties. Rather, it has a very precise and narrow scope, applying only "where there is occasion to transmit a judicial … document for service abroad." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988). If the Court grants this motion, Plaintiff will not be transmitting

the summons or complaint to the Remaining Defendants in the countries where they reside. Thus, the Hague Convention is not implicated by the service Plaintiff proposes.

In *Volkswagenwerk Aktiengesellschaft v. Schlunk*, Volkswagen's Germany-based parent company maintained that service on it fell under the Hague Convention, arguing that every case involving service on a foreign national requires the plaintiff to "transmit a judicial … document for service abroad," thereby triggering the requirements of the Hague Convention. *Id.* at 707. In that case, the plaintiff served the German defendant by delivering the summons and complaint to an Illinois subsidiary of the defendant, as authorized by Illinois law. The defendant argued that this service was covered by the Hague Convention because the subsidiary was certain to transmit the summons and complaint to the parent corporation in Germany. The Supreme Court rejected this argument, holding that the Hague Convention did not apply because the plaintiff did not transmit judicial documents internationally. *Id.*

The same is true here. If the Court grants this motion, Plaintiff will serve the Remaining Defendants without transmitting documents abroad either physically or electronically by sending them emails with links to the summons, complaint, and the other documents filed in the case and by publication of those documents on a designated website hosted in the United States. Under both methods of service, the operative documents will be maintained on a server in the United States. In other words, Plaintiff will not transmit the judicial documents internationally, and the

Supreme Court has explicitly held that, without transmission internationally, the Hague Convention does not apply.

## CONCLUSION

Despite a diligent investigation, Plaintiff has been unable to confirm the address of any of the Remaining Defendants, so the Hague Convention does not apply to Plaintiff's service on them. Further, Plaintiff proposes to serve the Remaining Defendants without transmitting any documents internationally, so the Hague Convention does not apply for that additional reason. Accordingly, Plaintiff respectfully requests that the Court grant its renewed motion for alternative service. A proposed Order granting the requested relief is submitted herewith.

Date: November 25, 2026

Respectfully submitted,

*/s/ Zheng "Andy" Liu*

Zheng "Andy" Liu (CA-279327)
***Aptum Law***
1660 S Amphlett Blvd Suite 315
San Mateo, CA 94402
Email: Andy.Liu@AptumLaw.us
Phone: 650-475-6289

*ATTORNEY FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

A copy of the foregoing was served on Monday, November 25, 2026, on all counsel of record via this Court's electronic case filing system.

Date: November 25, 2026

Respectfully submitted,

*/s/ Zheng "Andy" Liu*

Zheng "Andy" Liu (CA-279327)
***Aptum Law***
1660 S Amphlett Blvd Suite 315
San Mateo, CA 94402
Email: Andy.Liu@AptumLaw.us
Phone: 650-475-6289

*ATTORNEY FOR PLAINTIFF*