**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

FOSHAN HUAYUN TECHNOLOGY CO., LTD.,

Plaintiff,

v.

SCHEDULE A DEFENDANTS,

Defendants.

Case No.: 2:26-cv-01521-CCW

Judge Christy Criswell Wiegand

**DECLARATION OF ZHENG LIU IN SUPPORT OF PLAINTIFF'S RENEWED MOTION FOR ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS**

I, Zheng "Andy" Liu, hereby declare as follows:

1. I am an attorney with Aptum Law, admitted pro hac vice in this action, and represent FOSHAN HUAYUN TECHNOLOGY CO., LTD. ("Plaintiff") in the above-referenced action. I make and submit this declaration in support of Plaintiff's Renewed Motion for Alternative Service of Process on the Defendants identified on Schedule "A" of the Complaint (collectively "Defendants"). I am personally knowledgeable of the matters set forth in this Declaration and, if called upon to do so, I could and would competently testify to the following facts set forth below.

2. When becoming a signatory to the Hague Convention, China specifically lodged an objection to Article 10, including Article 10(a), which permits service of process through postal channels. A request for service through China's Central

Authority under the Hague Convention must identify the address of the person to be served.

3. On November 22, 2026, I, or people assisting me, have input each available listed address for the 17 Defendants that remain in this action, Defendant Nos. 1, 2, 3, 4, 6, 7, 11, 12, 13, 15, 16, 17, 18, 19, 20, 21, and 22 (the "Remaining Defendants") into Google Maps. Defendant Nos. 5, 8, 9, 10, 14, and 23 have been dismissed and are not included. Each seller page displays a business name and a business address. Thirteen of the seller pages display an address in mainland China, and four, those of Defendant Nos. 13, 15, 16, and 19, display an address in Hong Kong. True and correct copies of the seller-information portion of each seller page are included in **Exhibit A**.

4. Under the Court's Temporary Restraining Order and expedited discovery order (Dkt. 25), Amazon.com produced to Plaintiff the business name, email address, and addresses on file for the seller accounts associated with the Amazon Defendants. Amazon's production did not include an account for Defendant No. 1 (cocktap). For Defendant No. 17 (Raycharm), whose seller page identifies its Seller ID as A31OY3X2HPIXMU, Amazon's production instead identified a different seller, Woot Inc of Carrollton, Texas. A true and correct chart of the business names and addresses in Amazon's production for the Remaining Defendants, organized by Defendant number, is attached as **Exhibit B**. Seller email addresses have been omitted from the chart.

5. The addresses on the seller pages and in Amazon's records do not agree. Five Remaining Defendants display an address on their seller page that does not match any address in Amazon's records for the same account: Defendant No. 3 (EMBATHER), Defendant No. 6 (Odewmird), Defendant No. 7 (gotonovo), Defendant No. 13 (Dasan USA), and Defendant No. 20 (Heable-1). For example, Defendant No. 13 displays an address in Tsuen Wan, Hong Kong, while Amazon's records list only an address in Foshan, Guangdong; Defendant No. 7 displays an address in Hangzhou, Zhejiang, while Amazon's records list addresses in Wuyi, Zhejiang and Zhenjiang, Jiangsu; and Defendant No. 6 displays an address in Baiyun District, Guangzhou, while Amazon's records list an address in Zengcheng District, Guangzhou. In Amazon's own records, six accounts list two or more different addresses: those of Defendant Nos. 7, 12, 15, 16, 18, and 19. Defendant Nos. 15, 16, and 19 list Units B14, B13, and B03 in the basement of Block 4 of the Kwun Tong Industrial Centre, 436–446 Kwun Tong Road, Hong Kong, and Amazon's records for each of them also list one or more addresses in mainland China. Defendant No. 18 lists an address in Qianhai, Shenzhen that states on its face that the company is registered there through a commercial secretarial firm (深圳市前海商务秘书有限公司).

6. In an effort to determine the existence and legitimacy of each of the Remaining Defendants' addresses, I or people assisting me have input the address displayed on each Remaining Defendant's Amazon seller page into Google Maps. A

true and correct copy of a screen shot of each search result is included in attached Exhibit A. For each Remaining Defendant whose seller page displays an address in mainland China, I or people assisting me also input that address into Baidu Maps (map.baidu.com), a widely used Chinese mapping service, and a true and correct copy of the screen shot of each of those search results is also included in **Exhibit A**. Many of the listed addresses are incomplete, and Google Maps could match them only to a road, district, or city. Others are for residential complexes or unmarked locations where no business operates. Finally, others point to different businesses apparently unconnected with the Defendant. For example, the address displayed on the seller page of Defendant No. 7 (gotonovo), No. 9 Quzhou Street, Hangzhou, returns the Fairfield by Marriott Hangzhou Gongshu hotel. And for Defendant Nos. 12 and 18, Baidu Maps lists numerous unrelated companies at the same address. None of the addresses listed by the Remaining Defendants returned a result consistent with the Defendant operating a business at that address. Without complete and accurate addresses, Plaintiff does not believe that it will be able to satisfy the requirements of China's Central Authority for service of process.

7. I have been counsel in actions in which multiple defendants have "stolen" the identity of another legitimate entity. In such a situation, the defendant has opened an account on an online marketplace and provided a Seller ID and address, but the

entity whose name and address are listed has no knowledge of the account on the online marketplace and did not make the infringing sales.

8. I am aware Amazon has partnered with various brands to bring lawsuits against counterfeiters in the Western District of Washington and other courts. In a number of these cases, Amazon has sought leave to take early discovery because Amazon itself does not know the identity of the sellers on Amazon's online marketplace and cannot rely on the information listed on the defendant's Amazon storefront.

9. On September 21, 2026, I, or someone acting under my direction, emailed the Temporary Restraining Order (Dkt. 25) and the Order extending it (Dkt. 63) to each Defendant at the email address provided by Amazon.com. I did not receive any notice of non-delivery. (Dkt. 72.)

10. A true and correct copy of a screen shot from check-host.net showing the location of Plaintiff's lawsuit website, https://drive.google.com/drive/folders/1S7NxF663A3GKE0PV6JvMXlyGPR9qir54?usp=sharing, as being in the United States is attached hereto as **Exhibit C**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 25, 2026 San Mateo, California

*/s/ Zheng "Andy" Liu*
Zheng "Andy" Liu